Elston-Damen Currency Exchange, Inc., an Illinois Corporation, Plaintiff-Appellant, v. Marion Sheon, Harris Trust and Savings Bank, and Liberty Savings and Loan Association of Chicago, Defendants-Appellees.

Gen. No. 49,060.

First District, First Division.

February 3, 1964.

Slutzky & Slutzky, of Chicago (Irving Slutzky and Jerome Rosenholtz, of counsel), for appellant.

Louis T. Herzon, of Chicago (Herman M. Garvin, of counsel), for appellee, Marion Sheon. Chapman and Cutler, of Chicago (John B. Huck, of counsel), for appellee, Harris Trust and Savings Bank. Russell & Bridewell, of Chicago (Edward J. Tyle, of counsel), for appellee, Liberty Savings and Loan Association of Chicago.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court.

In this action plaintiff as holder and owner of a check on which payment was stopped, sued defendants Marion Sheon, Liberty Savings and Loan Association of Chicago, and Harris Trust and Savings Bank. Defendants filed their motions to dismiss plaintiff's statement of claim on the grounds of res judicata. The defendants Liberty and the bank further contended that the statement of claim was substantially insufficient in law as to them. An order was entered dismissing plaintiff's statement of claim on the grounds of insufficiency and res judicata. The court awarded fees to the defendants pursuant to section 41 of the Civil Practice Act and plaintiff appeals from said orders.

On December 11, 1959 plaintiff filed its statement of claim against the defendants and one Maurice L. Weiss claiming their respective liabilities on the check. On motion of the instant defendants, plaintiff's statement of claim was dismissed for failure to state a sufficient legal cause of action as against them. On March 8, 1960, in the same cause, plaintiff filed

219

an amended statement of claim. Count One of the amended statement of claim alleged that Maurice L. Weiss delivered to the plaintiff a check for which it paid $3500 less the usual service charge; that Marion Sheon was the maker or in the alternative was an endorser, or in the alternative was the payee; that plaintiff, having no notice of any infirmities, duly cashed the check in the due course of business. Plaintiff prayed judgment against Maurice L. Weiss and Marion Sheon for $3500. Count Two realleged Count One and further charged that Liberty, in consideration of $3500 paid to it by Marion Sheon, issued and delivered the check to her in the nature of a memorandum of indebtedness; that said check was presented for payment to the bank which had sufficient funds on hand belonging to Liberty at the time of presentment and the bank refused payment. Plaintiff prayed judgment against the bank and Liberty. The check sued upon was attached to the statement of claim and can be described as an instrument drawn on the bank payable to Maurice L. Weiss, as payee, signed by Marion Sheon as drawer. Liberty's name appears thereon as part of the protectograph imprint of the amount for which the instrument was drawn as "Liberty Savings." Plaintiff refers to the instrument as a "registered check" without further definition or explanation, and so far as this appeal is concerned it may properly be considered as an ordinary negotiable instrument or check.

On June 9, 1960, on motion of the defendants, plaintiff's amended statement of claim and cause of action was dismissed as to Marion Sheon and on June 15, 1960 as to Liberty and the bank. Plaintiff elected to stand on its amended statement of claim whereupon these defendants, except Maurice L. Weiss, were dismissed by order and judgment of the court. Plaintiff filed its notice of appeal to the Appellate Court from the judgments entered below. On September 19,

1961 the Appellate Court (No. 48216) dismissed plaintiff's appeal "for want of a final appealable order" in that no disposition was made in the trial case as to Maurice L. Weiss. It appears from the record that on February 24, 1961 plaintiff recovered a final judgment in the said case against Maurice L. Weiss in the full amount of the negotiable instrument. Evidently, this fact was not called to the attention of or was it before the Appellate Court when it dismissed plaintiff's appeal on September 19, 1961. Plaintiff took no further action against the defendants until February 20, 1962 when it filed its second notice of appeal in the same case. The record herein discloses no further action on the second notice of appeal taken by plaintiff.

On June 14, 1962 plaintiff filed the instant action on the same check against these defendants. Count One of the statement of claim in the instant case alleged in substance that Marion Sheon delivered payee endorser the check on which she was the drawer; that plaintiff became the holder of the check and that it was dishonored by a stop order issued by Marion Sheon. Count Two of the statement of claim realleged Count One and further alleged in substance that the Chicago National Bank merged with Harris Trust and Savings Bank wherein all of the assets and liabilities of the Chicago Bank were assumed by the Harris Bank; that the bank authorized Marion Sheon, through its agent Liberty, to place her signature on the instrument for and on behalf of said bank thereby making it a drawer therein or in the alternative authorized Liberty to certify said check by placing its stamp on the check. Count Three of the statement of claim realleged Count One and in substance alleged that Liberty, by virtue of its imprint on the face of the check, became a codrawer or comaker of the check, or in the alternative, the check was in the nature of a memorandum of indebtedness.

221

Defendants moved to dismiss the statement of claim on the basis of res judicata and in addition thereto Liberty and the bank charged that the statement of claim was insufficient in law. All of the defendants petitioned the trial court for attorneys' fees pursuant to section 41 of the Civil Practice Act. The trial court sustained defendants' motions to dismiss, dismissed the action and entered judgment in favor of the defendants. The petitions for attorneys' fees pursuant to section 41 of the Civil Practice Act were allowed and judgment entered against plaintiff in favor of Marion Sheon for $827.66 and costs; in favor of Liberty for $570.91 and costs, and in favor of the bank for $583.41. Plaintiff appeals.

The appeal before us raises the question of whether the court properly dismissed the second action on the grounds of res judicata and whether the court erred in allowing attorneys' fees as sanctioned under section 41.

■ Plaintiff contends that dismissal in the first suit was based upon defects in the pleadings and was not a trial of the issues or the merits of the case. This, plaintiff urges, does not constitute res judicata. But here defendants presented before the trial court the question of the sufficiency of the allegations against them as a matter of law. The facts were not disputed. Plaintiff's basis for recovery was fully evident from the pleadings and therefore became an issue of law upon the facts as presented by the pleadings. This was a trial on the merits. As stated in Cheevers v. Stone (1956), 10 Ill App2d 39, 43-44, 134 NE2d 32: "To be effective as a prior adjudication, judgment must have been upon the merits, but it is immaterial whether the judgment was upon the facts proved or upon the facts alleged which were admitted by demurrer. Life Printing & Pub. Co., Inc. v. Marshall Field, III, 327 Ill App 486, 64 NE2d 383; Marie Methodist Episcopal Church of Chicago v. Trinity Meth-

 

odist Episcopal Church of Chicago, 253 Ill 21, 97 NE 262. Defendants' motion to dismiss plaintiff's bill to foreclose corresponded in our present day practice to a demurrer and had the effect of admitting the facts well pleaded in the bill.

While it is true that a motion to dismiss may be based on a technical deficiency in a pleading and in such case will not bar another action for the same cause (Sattenstein v. Earl, 328 Ill 148, 159 NE 222; Marie Methodist Episcopal Church of Chicago v. Trinity Methodist Episcopal Church of Chicago, 253 Ill 21, 97 NE 262), where, as in the instant case, an order of dismissal follows the ruling on the motion and recites the plaintiff's election to stand by the complaint, it is an adjudication of all the issues thereby raised. Doner v. Phoenix Joint Stock Land Bank of Kansas City, 381 Ill 106, 45 NE2d 20. . . . It is clear from the record that the questions raised in the motion to dismiss went to the equities of the case and not to any question of defective pleadings. We are of the opinion that the judgment on the motion to dismiss was a judgment on the merits of plaintiff's cause of action."

Those judgments entered by the court in the previous action stand as final and determinative as between the parties. In the instant case the parties are the same, the instrument or the subject of the suit and the relief prayed for are identical. It is well settled law in Illinois as stated in Franciscy v. Jordan (1963), 43 Ill App2d 344, 351–352, 193 NE2d 219, that: "When some specific fact or question has been actually and directly in issue and has been adjudicated by a Court of competent jurisdiction in a former suit, . . . its determination in the former suit, if properly presented and relied upon, is conclusive upon the parties . . . in the latter suit without regard to whether or not the cause of action is the same in both suits, and it cannot be again litigated in the subsequent suit upon the same or a different cause of action whatever may have

been the nature of the first action or of the second action in which the estoppel is set up. Where the cause of action in the first suit is not the same as the cause of action in the second suit the Court's determination in the first suit on all questions actually decided is final and estops the parties . . . in the second suit,—such is normally denominated as estoppel by verdict, is but another branch of the doctrine of res judicata, and rests on the same principles as res judicata: Rose v. Dolejs (1955), 7 Ill App2d 267, 129 NE 2d 281; Hanna v. Read (1882), 102 Ill 596, . . . Charles E. Harding Co. v. Harding (1933), 352 Ill 417, 186 NE 152."

We hold that the trial court here did not err in sustaining the defense of res judicata. Thus, it is not necessary for us to go into the further contention of the defendants that the instant statement of claim was insufficient to sustain a cause of action as against Liberty and the bank.

■■ Plaintiff contends that the trial court was not warranted in assessing attorneys' fees and costs merely because the suit was dismissed on the grounds of res judicata. Section 41 of the Civil Practice Act reads as follows:

> "Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fees to be summarily taxed by the court at the trial."

Ready v. Ready (1961), 33 Ill App2d 145, 178 NE2d 650 is the most recent case in which this court passed upon this question. There the court held that the statute was in derogation of the common law, but was

224

at the same time a remedial statute. After reviewing the authorities the court further stated that, under an applicable statute so providing, attorneys' fees may be taxed as costs where a party has acted in bad faith or has been litigious or has caused the other party unnecessary expense (20 CJS Costs § 218a).

The proceedings and circumstances before us do clearly indicate that plaintiff had its trial on the merits in an action that was final and determinative; that it failed to properly and expeditiously prosecute its appeal in said cause; and that it continued and extended the litigation for a long period of time. Plaintiff, some time thereafter, filed the instant case when it did or should have known it could not relitigate the same matters against the same parties.

From all this we may assume properly that the defendants were subjected to harassment and expense. The record on the appeal before us does not contain a report of the proceedings involving the trial court's hearing on the petitions and answers thereto for sanctions. The record before us does indicate that: "the court after having heard the evidence and arguments of counsel" entered the judgments or sanctions. Therefore, we must presume that the evidence was sufficient to sustain the findings below and to support the decision of the trial court on said issues. Smith v. Smith (1955), 5 Ill App2d 383, 125 NE2d 693.

The trial court could have justifiably found, and we hold it did so find, that the plaintiff's second action was made without reasonable cause and not in good faith. The court's action was warranted under the statute cited. The judgment of the lower court is affirmed.

Affirmed.

MURPHY, P. J. and BURMAN, J., concur.