**Charles W. Greengard, d/b/a Charles W. Greengard Associates, Plaintiff-Appellee, v. Ben Cooper, s/d/b/a Green Valley Builders, also s/d/b/a Cooper Construction Co., Defendant-Appellant.**

Gen. No. 65–132.

Second District.

December 13, 1966.

Robert B. Cook, of Chicago, for appellant.

Seymour A. Greenblatt, of Waukegan, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from the Circuit Court of Lake County. On June 25, 1963, the trial court entered an order permitting plaintiff to take a voluntary nonsuit and denied defendant's motion for imposition of costs and reasonable attorney's fees under section 41 of the Civil Practice Act.

The original complaint was filed on December 13, 1962. Plaintiff sought compensation for services rendered to defendant in the amount of $5,600. Defendant filed an answer which, on motion, was stricken. An amended

answer was thereupon filed. Defendant thereafter filed a motion for summary judgment. Before hearing on the motion, plaintiff was given leave to file an amended complaint. An answer to the amended complaint was filed and a reply filed to that answer. The amended complaint raised the ad damnum to $7,002.37.

Deposition of the plaintiff was taken. Written interrogatories were served upon the plaintiff and answered. A request to admit certain facts was served upon the plaintiff on June 8, 1965, and filed June 23, 1965, with answer thereto by plaintiff. An order was entered on May 13, 1964, granting defendant leave to file a second motion for summary judgment, which motion, after hearing, was denied on June 30, 1964.

On the eve of the trial on June 25, 1965, plaintiff filed a notice of motion seeking a voluntary nonsuit. No written motion to have the cause dismissed was filed by plaintiff and his reasons for wishing a nonsuit do not appear of record. Thereupon, defendant filed two motions, one seeking a contempt citation and the second praying for relief under section 41 of the Civil Practice Act. After oral argument plaintiff's motion to dismiss was granted. Both motions of defendant were denied. Defendant perfects this appeal solely on the basis of his motion under section 41 of the Civil Practice Act, (Ill Rev Stats 1963, c 110, par 41) which provides as follows:

"Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court at the trial."

Plaintiff sought recovery for engineering services rendered in a land development program initiated by the defendant. The services to be performed included preparations of plans and specifications and engineering for

a water works and sewerage system. A construction company and a utility company were incorporated to complete the project. The parties came to a parting of the ways and plaintiff settled with the utility company for engineering services rendered.

The defendant contends that the plaintiff's charges for services should have been directed to the corporate entity and not to the defendant individually and that the plaintiff well knew and understood this and that as a result this suit was without reasonable cause and not in good faith filed, thereby entitling the defendant to relief under section 41, supra.

Plaintiff contends that the settlement with the utility company was not a complete payment for all services rendered and that there is due from the defendant additional sums for the engineering services relative to the land development program.

■■ Section 41 is an attempt by the legislature to penalize the litigant who pleads frivolous or false matters or brings a suit without any basis in law and thereby puts the burden upon his opponent to expend money for an attorney to make a defense against an untenable suit. Lipscomb v. Coppage, 44 Ill App2d 430, 430s, 197 NE2d 48 (1964); Ready v. Ready, 33 Ill App2d 145, 161, 178 NE2d 650 (1962). Allowance of attorney's fees under this section is discretionary. The trial court can exercise that discretion only when the record discloses evidence of bad faith on the part of the pleader. Year Investments, Inc. v. Joyce, 44 Ill App2d 367, 195 NE2d 21 (Abst.) (1964).

■ From an examination of the complaint, amended complaint, answer thereto, the discovery deposition of the plaintiff, interrogatories submitted by the defendant and answered by the plaintiff, defendant's request for plaintiff to admit certain facts and answer to such request, as well as the order on plaintiff's oral motion for a voluntary nonsuit, we are unable to conclude that the trial court found that the facts pleaded by the plaintiff

were untrue, or that the plaintiff, when asserting such facts knew them to be untrue. Such findings are requisite to relief under section 41. Furthermore, we do not believe that the trial court abused its discretion in failing to make such findings or in denying the defendant's motion to relief under such section. The judgment of the Circuit Court is affirmed.

Judgment affirmed.

MORAN, P. J. and DAVIS, J., concur.