Jack Perlis, Plaintiff-Appellee, v. Exchange National Bank of Chicago, as Trustee Under Trust No. 5352, Rose Zittenfield, et al., Defendants. On Appeal of Rose Zittenfield, Defendant-Appellant.

Gen. No. 51,735.

First District, First Division.

October 16, 1967.

Rehearing denied November 6, 1967.

Nathan Shefner, of Chicago, for appellant.

Rudnick & Wolfe, of Chicago (Perry J. Snyderman and Lester D. Foreman, of counsel), for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

Defendant Rose Zittenfield appeals from the denial of her motion for the payment to her by plaintiff of reasonable attorney's fees, pursuant to section 41 of the Civil Practice Act.

The court dismissed plaintiff's action for specific performance, after striking plaintiff's complaint and an amended complaint. It is defendant's theory that plaintiff's action "was without any basis or foundation in law and that he should, therefore, be required to pay the reasonable attorney's fees incurred by defendant in defending an untenable and baseless suit."

On May 4, 1966, plaintiff filed a two-count complaint against the Exchange National Bank of Chicago, as trustee under trust No. 5352, and Henry D. Klopfer. In substance, plaintiff alleged that in response to a newspaper advertisement, he made contact with Henry D. Klopfer, who represented himself to be the agent of the owner of a parcel of real estate. Plaintiff inspected the premises with Klopfer, and at the conclusion of the inspection an "Agreement to Purchase" was executed by the plaintiff and Klopfer, who signed "As Agent for Owner." The agreement did not contain the name of the owner.

Subsequent to the execution of the agreement, Klopfer informed plaintiff that the defendant trustee no longer desired to sell the real estate and would not make a conveyance to plaintiff. In Count I, plaintiff sought specific performance by the defendant trustee and Klopfer. In Count II, plaintiff sought damages from Klopfer for the alleged misrepresentation that he was "the duly authorized agent" for the purpose of selling the real estate in question.

On May 17, 1966, Rose Zittenfield, as sole beneficiary of trust No. 5352, was given leave to file an intervening petition to be made a party defendant and to file a motion to strike Count I of the complaint. The intervening peti-

tion included an allegation that Klopfer was never authorized by either her or the trustee to enter into any contract for the sale of the trust property, and the signing by Klopfer of the agreement to purchase "was without petitioner's authorization, knowledge or consent." The motion to strike Count I was allowed, and plaintiff was given leave to file an amended complaint.

On June 29, 1966, plaintiff filed an amended two-count complaint, in which Rose Zittenfield was made an additional party defendant. Count I of the amended complaint contained substantially the same allegations as Count I of the original complaint, but included an additional allegation that defendant Zittenfield had retained Klopfer as her agent both for the leasing and collection of rents for the apartments in the building in question. Furthermore, the allegation stated that Klopfer, under the direction of Zittenfield and with the acquiescence of the defendant trustee, was authorized to seek a purchaser and contract with him for the sale of the building. Count II again sought damages from Klopfer for his alleged misrepresentation of authority to sell the premises.

Subsequently, defendant Zittenfield moved to strike Count I of the amended complaint, primarily on the basis that the "Agreement to Purchase" was merely an offer to purchase and provided for the execution of the "usual sale contract," and also that Count I of the amended complaint contained no allegation that Klopfer was authorized in writing to execute any contract for the sale of the premises, nor was it alleged that the trustee or defendant Zittenfield "ever ratified in writing the purported agent's act in executing the Agreement to Purchase 'as agent for owner,' contrary to the requirements of the Statute of Frauds (Chapter 59, section 2, Illinois Revised Statutes)."

Defendant Zittenfield also moved for the assessment of reasonable attorney's fees under section 41 of the Civil

Practice Act on the grounds that the action for specific performance was brought without any legal foundation and that plaintiff made no investigation to determine the ownership of the premises "at or prior to his signing the Agreement to Purchase," and an inquiry would have informed plaintiff that Klopfer had no authority from the owners, legal or equitable, to either negotiate the sale or to execute any agreement covering the subject property.

The court struck Count I of the amended complaint and dismissed the cause as to defendant Zittenfield and the defendant trustee. After a hearing, the court denied defendant's motion for attorney's fees.

Section 41 of the Civil Practice Act covers "allegations and denials, made without reasonable cause and not in good faith, and found to be untrue . . . ." In Greengard v. Cooper, 78 Ill App2d 86, 221 NE2d 775 (1966), it is said (p 89):

██ "Section 41 is an attempt by the legislature to penalize the litigant who pleads frivolous or false matters or brings a suit without any basis in law and thereby puts the burden upon his opponent to expend money for an attorney to make a defense against an untenable suit. . . . Allowance of attorney's fees under this section is discretionary. The trial court can exercise that discretion only when the record discloses evidence of bad faith on the part of the pleader."

In Horween v. Dubner, 68 Ill App2d 309, 216 NE2d 288 (1965), it is said (p 320):

"It must be assumed that attorneys in filing pleadings, have due regard for their duties and responsibilities as officer of the court. Attorneys in filing pleadings are permitted to exercise a broad discretion, based on honest judgment, from the facts presented to them."

As noted, defendant's motion for attorney's fees charged that plaintiff's action against her and the trustee "was brought without any legal foundation." No claim was made that any allegations of the plaintiff were untrue or were found to be untrue. Defendant's motion to strike, as sustained by the court, rested on the premise that the "Agreement to Purchase" was merely an offer to purchase, and that there was no allegation in the amended complaint that Klopfer was authorized in writing by either the trustee or the beneficial owner to execute any contract for the sale of the premises, or that either the trustee or defendant Zittenfield "ever ratified in writing the purported agent's act."

██ From the facts well pleaded in the amended complaint and admitted by defendant's motion to strike, it may be reasonably inferred there was a relationship between the three defendants concerning the subject property, from which the trial court, in the exercise of its discretion, could fairly determine that the allegations of plaintiff were made in good faith, although they were not a sufficient basis for specific performance.

As we are not persuaded that this record affords justification for a finding of bad faith on the part of plaintiff, we conclude that the trial court properly denied defendant's motion for relief under section 41. The order of the Circuit Court is affirmed.

Affirmed.

BURMAN and ADESKO, JJ., concur.