The Hearst Corporation, a Corporation, Plaintiff-Appellant, v. Associated Trade Press, Inc., a Corporation, Defendant, and James R. Compton, Defendant-Petitioner-Appellee.

Gen. No. 51,964.

First District.

August 5, 1968.

Arthur Abraham and Kurt J. Salomon, of Chicago, for appellant.

Eugene F. Welter, of Chicago, for appellee.

GOLDENHERSH, J.

Plaintiff appeals from the judgment of the Circuit Court of Cook County in the amount of $750 entered upon allowance of the petition of defendant, James R. Compton, based upon section 41 of the Civil Practice Act (c 110, sec 41, Ill Rev Stats 1967) seeking the taxing of attorney's fees and expenses.

Defendant's petition states that the court allowed successive motions to strike plaintiff's original and first amended complaints; defendants moved to strike plaintiff's second amended complaint; the court denied the motion with respect to the corporate defendant, and as to the defendant, James R. Compton, it allowed the motion, and dismissed the action with the comment that the second amended complaint stated no cause of action against him; upon the court's making this statement, counsel for plaintiff (not present counsel) stated that plaintiff knew it had not stated a cause of action against the defendant, James R. Compton, that it had no evidence upon which it could state a cause of action against him, and he was joined as a party defendant for fear that if the court granted an injunction against the corporate defendant, defendant, James R. Compton, might change the name of the corporation and do business under another name.

In its answer, plaintiff did not deny the allegations contained in the petition, but pleaded contentions, which are, in substance, the same as are presented and argued in this appeal.

The trial court entered an order finding that the petition should be allowed and at a later date heard testimony with respect to the value of defense counsel's services.

Defense counsel testified that defendant, James R. Compton, president of the corporate defendant, retained him to represent both the corporation and himself in the litigation. He stated that the services performed on behalf of both defendants were substantially the same as would have been required in the representation of either defendant, had only one of them been sued. The record shows that defendants, in each instance, filed a joint motion and were represented by the same counsel. He testified that the reasonable value of the work performed was $2,330. The court found that of this sum $750 was to be attributed to services performed for the defendant, James R. Compton, and entered judgment in that amount.

Plaintiff appeals from the judgment, and defendant has cross-appealed, contending that the judgment should have been entered in the amount of $1,165, one-half the sum shown to have been expended for attorney fees.

Plaintiff contends that (a) there can be no recovery under section 41 unless the allegations in the complaint or amended complaints are found to be untrue, (b) the successive motions to strike admitted the truth of the allegations, (c) there was no showing that the allegations were made without reasonable cause and not in good faith, and (d) there was no evidence of any services rendered by defense counsel which related to the dismissal of the complaints as to the individual defendant, James R. Compton.

Defendant contends that section 41 is not to be construed as applicable only to situations involving untrue statements, but is intended to prevent harassment by bringing actions which are vexatious or without legal foundation, or the pleading of frivolous matter. The parties have cited, and this court has reviewed, a number

of cases which arose under this section of the Civil Practice Act. In Awotin v. Abrams, 309 Ill App 421, 33 NE2d 179, it was held that there could be no recovery of fees and expenses under section 41 for the reason that although the allegations in the complaint were found to be insufficient when tested by a motion to strike, they were not "untrue" within the meaning of the statute. The court did not further define the term "untrue."

In Ready v. Ready, 33 Ill App2d 145, at page 161, 178 NE2d 650, the court said "Section 41 is an attempt of the legislature to penalize the litigant who pleads frivolous or false matters or brings a suit without any basis in law and thereby puts the burden upon his opponent to expend money for an attorney to make a defense against an untenable suit. The failure of the courts to apply the sanction provided in this section of the Practice Act has been frequently criticized by writers in the various law reviews.

"One of the purposes of section 41 is to prevent litigants being subjected to harassment by the bringing of actions against them which in their nature are vexatious, based upon false statements, or brought without any legal foundation."

Prior to making the quoted statement the court said, "The trial court on the motion of the defendant included in the transcript of the record filed in this court certain depositions of Walter Ready, Jr. We must assume that those depositions either were attached to the petition or were considered by the court, and the statements made by the court during the hearing so indicated. From those depositions it is evident that most of the allegations made in the complaint were untrue. The order made by the trial court allowing attorneys' fees was an exercise of its sound discretion under the statute."

Under the circumstances, it is not clear to us whether, absent the finding "that most of the allegations made in

the complaint were untrue," the court would have affirmed the judgment.

In Urban v. Brady, 86 Ill App2d 158, 230 NE2d 65, the court rejected a cross-appeal seeking the taxing of fees and expenses under section 41 and in so doing said at page 162, "That section provides for such an allowance where allegations or denials are made without reasonable cause and are found to be untrue. No specific finding of this sort was made by the chancellor and he acted properly in denying the plaintiff's motion."

In Elston-Damen Currency Exchange, Inc. v. Sheon, 46 Ill App2d 218, 197 NE2d 143, at page 224 said, "Ready v. Ready (1961), 33 Ill App2d 145, 178 NE2d 650, is the most recent case in which this court passed upon this question. There the court held that the statute was in derogation of the common law, but was at the same time a remedial statute. After reviewing the authorities the court further stated that, under an applicable statute so providing, attorneys' fees may be taxed as costs where a party has acted in bad faith or has been litigious or has caused the other party unnecessary expense (20 CJS, Costs, § 218a)."

In Schroeder v. Busenhart, 80 Ill App2d 431, 225 NE2d 702, in reversing a judgment and remanding the cause with directions to hold a hearing and tax expenses and fees in accordance with the provisions of section 41, the court said, at page 440, "On the date of filing the complaint none of the above allegations could have been upheld, because the Supreme Court had already determined that the school authorities, not the Schroeders, were the owners of the condemned property at the time in question. Trustees of Schools of Tp. No. 42, Board of Education of School Dist. No. 57, Cook County v. Schroeder, 25 Ill2d 289, 184 NE2d 872. The history of this apparently unending litigation, as set forth in the record before us, contains abundant evidence that plaintiffs knew, or could reasonably be expected to have known, that they were

foreclosed from relitigating the question of ownership of the condemned property and matters collateral thereto. While an unfounded claim of ownership might ordinarily not be the kind of statement covered by section 41, it certainly becomes so after repeated judicial determination by the Supreme Court adverse to the claimant. And there is authority for the proposition that where, as here, a suit is dismissed on the ground of res judicata, the sanctions of section 41 will be imposed. Elston-Damen Currency Exchange, Inc. v. Sheon, 46 Ill App2d 218, 197 NE2d 143. We think that the record in this case affords ample justification for a finding that the above allegations of plaintiffs' complaint were untrue, were made without reasonable cause, and were made in bad faith."

In Greengard v. Cooper, 78 Ill App2d 86, at page 89, 221 NE2d 775, the court said, "From an examination of the complaint; amended complaint, answer thereto, the discovery deposition of the plaintiff, interrogatories submitted by the defendant and answered by the plaintiff, defendant's request for plaintiff to admit certain facts and answer to such request, as well as the order on plaintiff's oral motion for a voluntary nonsuit, we are unable to conclude that the trial court found that the facts pleaded by the plaintiff were untrue, or that the plaintiff, when asserting such facts knew them to be untrue. Such findings are requisite to relief under section 41."

We have also examined Lipscomb v. Coppage, 44 Ill App 2d 430, 197 NE2d 48, Tomamichel v. Eddington, 55 Ill App2d 387, 205 NE2d 51, Boss v. Coe Inv. Co., 45 Ill App 2d 417, 195 NE2d 735 and Podbielnak v. Podielnak, 60 Ill App2d 357, 208 NE2d 625, cited by defendant, and an article which appears at 54 IBJ 388, and the cases which are therein reviewed. With the exception of Elston-Damen Currency Exchange, Inc. v. Sheon (supra), in every instance in which a recovery was had under section 41, there is a finding, express or implied, that the allegations in question were untrue. In Schroeder v. Busenhart

(supra) the court points out that in Elston-Damen the matters alleged were res judicata, and interprets the opinion to hold that a dismissal on the grounds of res judicata justifies taxing fees and expenses under section 41.

The allegations of the complaint applicable to defendant state in substance that he, individually and as an officer, employee and agent of the corporate defendant, is engaged in the business of selling subscriptions to magazines, that he has no contractual relationship with plaintiff and is not its authorized selling agent, that he has engaged in certain practices harmful to plaintiff and plaintiff has asked that he desist from further doing so.

There is no evidence that the allegations are untrue, and defendant makes no such contention. Plaintiff's counsel did not say the allegations were untrue—the petition states that he said he had no evidence upon which to state a cause of action. The defendant, James R. Compton, was admittedly the president of the corporate defendant, and without evidence, there is no basis for a finding that the allegations in the complaint were made without reasonable cause and not in good faith.

Furthermore, there is no evidence that any expenses were actually incurred by James R. Compton. The cases cited by defendant are authority for the proposition that if parties voluntarily avail themselves of services rendered by an attorney, they become jointly and severally liable for the value of such services. There is no proof that defendant, James R. Compton, had paid, or was expected to pay, any part of the attorney's fee and as above stated, the record shows that his joinder as a defendant occasioned no additional work on the part of the attorney.

We conclude, therefore, that the defendant has failed to prove the elements necessary to an award under section 41 of the Civil Practice Act, and the judgment is

reversed. Because of the conclusion reached, it is unnecessary to consider defendant's cross appeal.

Judgment reversed.

MORAN and EBERSPACHER, JJ., concur.