THE VILLAGE OF EVERGREEN PARK, Plaintiff-Appellee, *v.* CHARLES A. SPANGLER, Defendant-Appellant.

First District (3rd Division)    No. 62994

Opinion filed August 12, 1976.

Charles A. Spangler, of Evergreen Park, for appellant, *pro se.*

Ventrella & Witous, of Oak Lawn, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

After a trial by jury, defendant Charles Spangler was found not guilty of maintaining a public nuisance in violation of an ordinance of the village of Evergreen Park. Defendant's post-trial petition for attorney's fees pursuant to section 41 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 41) was denied by the circuit court of Cook County. The major issue on appeal is whether the trial court properly denied defendant's petition for attorney's fees.

We affirm.

The pertinent facts are easily stated. The complainant, the village of Evergreen Park, charged defendant with violating a village ordinance by maintaining a public nuisance in his yard. Defendant filed an appearance *pro se* and defended the case himself. After judgment was entered in defendant's favor on the quasi-criminal charge, defendant petitioned the court for reasonable expenses and attorney's fees as provided for in section 41 of the Civil Practice Act. The petition stated that various allegations in plaintiff's complaints were made without reasonable cause, not in good faith, and found to be untrue. Attached to defendant's petition was a statement that the reasonable value of his services in his own defense, including reproduction costs and mileage fees, was $3,321.50. After hearing arguments of counsel, the trial court denied defendant's petition. Defendant's motion for rehearing was denied after full argument, and this appeal follows.

■■■ Defendant's principal arguments are that the trial court erred by denying his section 41 petition, and by denying his request for a full evidentiary hearing, preceded by discovery, on the motion. Section 41 of the Civil Practice Act states:

> "Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court at the trial."

The allowance of attorney's fees and expenses under section 41 is discretionary. The trial court may exercise that discretion when the record discloses evidence of bad faith on the part of the pleader. (*Greengard v. Cooper* (1966), 78 Ill. App. 2d 86, 221 N.E.2d 775.) The purpose of the court's summary action at trial is to permit the judge who heard the cause on the merits to make findings relative to reasonable cause and bad faith. (*Adams v. Silfen* (1951), 342 Ill. App. 415.) Arguments of counsel are proper at a hearing pursuant to section 41 (*Malone v. Checker Taxi Co., Inc.* (1972), 3 Ill. App. 3d 1040, 279 N.E.2d

738), but evidence should be taken only on the question of what constitutes reasonable expenses and reasonable attorney fees. (See *In re Estate of Palm* (1973), 11 Ill. App. 3d 24, 295 N.E.2d 580.) The legislature intended a *summary* proceeding for the determination of section 41 liability, not the retrial of a cause.

Defendant argues that the trial court erred by not ordering discovery and by not hearing new evidence on the question of whether plaintiff's complaint contains untrue allegations made without reasonable cause and not in good faith. We believe that the trial judge who heard the case on the merits was capable of determining section 41's applicability without resorting to evidence not presented at trial. Furthermore, we would question the propriety of such new evidence because it would, in effect, transform a summary proceeding into a new trial on the merits.

■■ The awarding of expenses and attorney's fees under section 41 rests in the sound discretion of the trial court, which should be exercised when the pleader's allegations are found to be untrue and made in bad faith without reasonable cause. The gist of plaintiff's case was that the refuse and debris in defendant's yard in a residential neighborhood constituted a public nuisance. Defendant virtually concedes the material facts alleged, but insists that his use of such items in his yard was not a nuisance. We hold that the record before us does not justify a finding that the allegations in the complaint were untrue. Defendant has not shown how the trial court abused its discretion in denying the section 41 petition. The trial court's order denying defendant's section 41 petition, and the order denying rehearing of the petition, are affirmed.

We expressly do not reach the unargued issue of whether a defendant who represents himself in a lawsuit is eligible to successfully bring a petition under section 41 for the reasonable value of his services in his own defense, where the petition does not allege that he is an attorney in good standing and licensed to practice in this jurisdiction.

For the above-mentioned reasons the orders of the circuit court of Cook County herein appealed from are affirmed.

Orders affirmed.

DEMPSEY and McNAMARA, JJ., concur.