MILDRED WILLIAMS, Plaintiff-Appellee and Cross-Appellant, *v.* THE CITY OF CHICAGO *et al.*, Defendants-Appellants and Cross-Appellees.—(ARBYLE JOHNSON *et al.*, Defendants.)

First District (5th Division)   No. 76-877

Opinion filed November 18, 1977.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Jerome A. Siegan, Assistant Corporation Counsel, of counsel), for appellants.

David Alswang, of Chicago, for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Defendants, City of Chicago and Jimmie V. Bryant, appeal from the entry of a default judgment and from an order assessing attorney's fees against them in favor of plaintiff, Mildred Williams. Defendants contend that the trial court abused its discretion in entering a default judgment against them for failure to answer interrogatories, where the answers were later filed and the default order was used to enforce an order for plaintiff's attorney's fees and costs awarded under Supreme Court Rule 219(c). (Ill. Rev. Stat. 1973, ch. 110A, par. 219(c).) Plaintiff cross-appeals from the trial court's denial of her further motion for fees and costs pursuant to section 41 of the Civil Practice Act. Ill. Rev. Stat. 1973, ch. 110, par. 41.

On January 16, 1975, plaintiff brought an action against the City of

Chicago, Jimmie Bryant and other named defendants, alleging that Bryant, a Chicago police officer, had assaulted her and inflicted injuries. Plaintiff served interrogatories upon the City and Bryant on March 19. Thereafter, plaintiff filed an amended complaint against all defendants. The City and Bryant answered the amended complaint on May 9 and denied the allegations.

On June 20, 1975, plaintiff presented a motion that defendants' answer be stricken for failure to answer the interrogatories, and the trial court ordered that defendants answer the interrogatories within 21 days. On July 14, defendants' answer was stricken for failure to answer the interrogatories; judgment for liability was entered in favor of plaintiff, and the cause was transferred for prove-up of damages.

Defendants filed answers to the interrogatories on August 6 subscribed only by the City. On August 7, the trial court vacated the default judgment provided that defendants pay plaintiff's attorney $433 as fees and costs for good cause shown; further, defendants' answers to the interrogatories were stricken and defendants were ordered to file signed and sworn answers. Defendants filed amended answers to the interrogatories on September 3.

On September 12, plaintiff presented a motion that the order of August 7 be vacated and that the default and judgment of liability against defendants be reinstated. In support of the motion plaintiff alleged that defendants failed to pay the sum of $433 in fees and costs within the time provided by the August 7 order; that plaintiff be awarded reasonable fees and costs necessary to enforce the order, and alternatively that defendants' answer to interrogatory 6 be stricken. On September 22 Bryant filed a second amended answer to a certain interrogatory (No. 6).

On October 6, the trial court vacated its order of August 7. The order striking defendants' answer and entering judgment for liability was thereby reinstated. The matter was again referred for prove-up of damages. Defendants' oral motion on October 30, for the entry of an order permitting an interlocutory appeal pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1973, ch. 110A, par. 308), was denied.

On November 19, defendants presented a motion to vacate the judgment of liability against them. In support of the motion defendants alleged that although the trial court had ordered defendants to pay the sum of $433, defendants did not comply because among other things "it was the opinion of the corporation counsel that the sum could not be paid without being reduced to judgment." Defendants further stated that notwithstanding the aforesaid, the sum of $433 was thereby tendered "only in the interest of expediting this case so that further discovery * * * may proceed." In answer to the motion plaintiff alleged that due to

defendants' delay, her attorney "has expended numerable hours of time; to allow and grant the relief sought by the petitioners at the present time for the mere tender of $433 would be unconscionable * * *." Defendants' motion was denied.

On November 20, a prove-up was held on the issue of damages before a jury, and judgment was entered in favor of plaintiff in the amount of $52,500.

On November 21, plaintiff's attorney filed a motion pursuant to section 41 of the Civil Practice Act for attorney's fees in the amount of $2388. The motion was denied.

OPINION

I.

Defendants argue that the trial court abused its discretion in striking defendants' pleadings and entering a default judgment for failure to answer interrogatories since the answers were later filed and the default order was used to enforce an order awarding plaintiff's attorneys' fees and costs.

The sanctions which may be imposed by a trial court to compel compliance with rules or orders relating to discovery are set forth in Supreme Court Rule 219(c) which provides in pertinent part:

> "If a party * * * unreasonably refuses to comply with any provision of Rules 201 through 218, or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just, including, among others, the following:
>
> * * *
>
> (v) that, as to claims or defenses asserted in any pleading to which that issue is material, a judgment by default be entered against the offending party * * *; or
>
> (vi) that any portion of his pleadings relating to that issue be stricken and, if thereby made appropriate, judgment be entered as to that issue. In lieu of or in addition to the foregoing, the court may order that the offending party or his attorney pay the reasonable expenses, including attorney's fees, incurred by any party as a result of the misconduct, and by contempt proceedings compel obedience by any party or person to any subpoena issued or order entered under said rules." Ill. Rev. Stat. 1973, ch. 110A, par. 219(c).

■■ The particular sanction to be imposed in accordance with the rule depends upon the facts of each case, and its application lies within the sound discretion of the trial court. (*Trippel v. Lott* (1974), 19 Ill. App. 3d

936, 312 N.E.2d 369.) The trial court has discretion to impose reasonable sanctions against a dilatory party, and a court of review will not interfere with the action taken by the trial court unless there has been an abuse of discretion. *Savitch v. Allman* (1975), 25 Ill. App. 3d 864, 323 N.E.2d 435.

■■ The scope of the trial court's discretion in entering and enforcing discovery orders is discussed in *People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 226 N.E.2d 6, where it was held that while the trial court may impose such sanctions as are necessary to accomplish discovery, it may not impose sanctions which are intended primarily as punishment. A variety of flexible methods is available under Rule 219 from which a just order may be fashioned. A just order is one which ensures both discovery and trial on the merits. (*Serpe v. Yellow Cab Co.* (1973), 10 Ill. App. 3d 1, 293 N.E.2d 742; *Gillespie v. Norfolk & Western Ry. Co.* (1968), 103 Ill. App. 2d 449, 243 N.E.2d 27.) Restitution of reasonable attorney's fees occasioned by a party's delay is a reasonable discovery sanction. (*Savitch v. Allman; Schwartz v. Moats* (1971), 3 Ill. App. 3d 596, 277 N.E.2d 529.) Defendants in the case at bar do not question the authority of the trial court to impose such a sanction.

■■ Although pleadings may be stricken and a default judgment entered for noncompliance with discovery, these harsh sanctions are not encouraged. (*Gillespie.*) Such sanctions ought not be invoked unless a party shows a deliberate and contumacious disregard of the court's authority. (*Schwartz v. Moats.*) A judgment by default should be used as a last resort; it should be set aside if it will not cause a hardship for the parties to proceed to trial on the merits. *Gillespie; Widicus v. Southwestern Electric Cooperative, Inc.* (1960), 26 Ill. App. 2d 102, 167 N.E.2d 799.

In the instant case the trial court assessed the sum of $433 to be paid by defendants as plaintiff's attorney's fees. The default order previously entered for failure to answer interrogatories was vacated provided defendants pay this assessment. Defendants thereafter answered the interrogatories, but did not pay the fees. Again, defendants' answer was stricken and the default order was reinstated.

The sum of $433 had been approved by the trial court as reasonable attorney's fees. The amount was less than what had been asked by plaintiff's attorney. The sum was tendered by defendants although tardily, on November 19 when the trial court refused to vacate the default judgment. The ends of discovery had been accomplished at that point, in that the interrogatories had been answered in September.

■■■ The order for payment of $433 was a reasonable and sufficient sanction for the noncompliance with discovery; the tender should be accepted as restitution for the delay occasioned by defendants. (See

*Schwartz v. Moats.*) The trial court erred in not vacating the order striking defendants' answer and entering default and judgment against the City and Jimmie Bryant.

## II.

Plaintiff cross-appeals from the trial court's denial of her petition for fees and costs pursuant to section 41 of the Civil Practice Act. (Ill. Rev. Stat. 1973, ch. 110, par. 41.) That section provides:

> "Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court at trial."

Plaintiff argues that defendants advanced untrue statements which were not in good faith in support of the November 19 motion wherein defendants stated a willingness to pay the sum of $433 in attorney's fees. The statements to which plaintiff refers are defendants' assertions that the fees could not be imposed in the absence of a full evidentiary hearing and that payment of the $433 would have subjected defendants to criminal charges in that the amount had not been reduced to judgment.

■■ It will be assumed that attorneys in filing pleadings have due regard for their duties and responsibilities as officers of the court, and they are permitted to exercise broad discretion based upon an honest judgment from the facts presented to them. (*Perlis v. Exchange National Bank* (1967), 87 Ill. App. 2d 369, 231 N.E.2d 681; *Horween v. Dubner* (1965), 68 Ill. App. 2d 309, 216 N.E.2d 288.) The burden of proof is on the petitioner seeking to invoke section 41 providing for the taxing of reasonable expenses and attorney's fees to show that the statements at issue were made without reasonable cause, are not in good faith, and are untrue. *Murczek v. Powers Label Co.* (1975), 31 Ill. App. 3d 939, 335 N.E.2d 172.

■■ Section 41 of the Civil Practice Act is penal in nature and should be invoked only in cases falling strictly within its terms. (*Sarelas v. Alexander* (1971), 132 Ill. App. 2d 380, 270 N.E.2d 558.) Moreover, the denial of a motion for fees and costs pursuant to section 41 rests within the discretion of the trial court, and a court of review will not disturb that determination unless there is a clear showing that such discretion was abused. *Alswang v. Claybon* (1976), 40 Ill. App. 3d 147, 351 N.E.2d 285; *Bayles v. Bennett* (1974), 22 Ill. App. 3d 144, 316 N.E.2d 792.

We find that the trial court did not abuse its discretion in denying plaintiff's motion pursuant to section 41. Plaintiff asserts that defendants'

conduct was harassing. Section 41 was not intended in some oblique manner to prevent harassment by vexatious or frivolous pleadings. (*Hearst Corp. v. Associated Trade Press, Inc.* (1968), 98 Ill. App. 2d 360, 240 N.E.2d 386.) A litigant must find sanctions elsewhere than in section 41 for relief from such abuses. *Sarelas v. Alexander.*

■■ The trial court may exercise its discretion and allow fees only where the record discloses evidence of bad faith on the part of the pleader. (*Greengard v. Cooper* (1966), 78 Ill. App. 2d 86, 221 N.E.2d 775.) From an examination of the record before us we find no support for plaintiff's characterization of the statements as untrue, or for plaintiff's conclusion that the statements were made in bad faith. We therefore conclude that the trial court did not err in denying plaintiff's motion for fees and costs pursuant to section 41.

For the reasons stated, the order denying plaintiff's motion for fees and costs pursuant to section 41 is affirmed; the order for payment of $433 to attorney David Alswang, is affirmed; and the order striking defendants' answer and entering default and the judgment entered against the City and Jimmie Bryant are reversed, and the cause is remanded to the circuit court of Cook County for further proceedings not inconsistent with this opinion.

Orders affirmed in part and reversed in part; judgment reversed and cause remanded.

LORENZ and WILSON, JJ., concur.