JAMES ASCARIDIS, Plaintiff-Appellee, *v.* JAMES W. RUSSIS *et al.*,
Defendants.—(HOWARD W. MINN, Defendant-Appellant.)

First District (First Division)   No. 78-1965

Opinion filed October 9, 1979.—Rehearing denied November 13, 1979.

Kenneth A. Green, of Chicago, for appellant.

Ash, Anos, Harris & Freedman, of Chicago (George J. Anos, Bruce T. Logan, and Davis P. O'Neill, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Howard W. Minn (defendant) was one of several defendants in an action for injunction and accounting brought by James Ascaridis (plaintiff). Two years after suit was commenced, plaintiff moved for a voluntary dismissal. On February 9, 1978, the complaint was dismissed without prejudice. On March 8, 1978, defendant filed a petition and subsequently an amended petition for attorney's fees and other relief. (Ill. Rev. Stat. 1975, ch. 110, par. 41.) Plaintiff responded with a motion to

strike and dismiss the amended petition. The trial court dismissed defendant's amended petition. Defendant appeals.

Plaintiff's complaint alleged a joint venture between himself and three designated persons made defendants. Also the defendant involved in this appeal acted as attorney for the group and as counsel for corporations created in behalf of the enterprise. Plaintiff alleged that he was denied access to books and records and was not consulted concerning operation of the business. Plaintiff made numerous requests for information and records from defendant. Plaintiff charged that all defendants had entered into a willful conspiracy to violate his rights.

Each and all of the defendants filed pleadings. The defendants other than the one involved in this appeal denied in detail that they had ever entered into any such enterprise with plaintiff and denied specifically each and every alleged act of wrongdoing. Defendant filed a separate answer. He averred that he had represented certain corporations as an attorney. He denied refusal to allow plaintiff access to books and records. He alleged that plaintiff had made protracted and unreasonably detailed requests for information. He alleged that plaintiff's suit was not brought in good faith but was an attempt to obtain an unwarranted advantage against all of the defendants.

In this court, plaintiff contends the trial court's dismissal of defendant's amended section 41 petition was proper because defendant did not file his original petition for attorney's fees within the jurisdictional time; the pre-amendment version of section 41 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 41), is applicable to this case and defendant's petition failed to comply with the provisions of that statute; and section 41 was not intended to reimburse attorneys for time spent in defending themselves nor was it intended to reimburse them for loss of past and future legal fees.

Defendant contends he was entitled to attorney's fees and expenses because his petition for fees was timely; he complied with the provisions of both the pre-amendment and post-amendment versions of section 41 (although he urges that the amended version (Ill. Rev. Stat. 1977, ch. 110, par. 41) controls in this case); and his claims for attorney's fees for time spent in defending himself and expenses for loss of his clients are within the purview of section 41.

In our opinion, the solution to this case does not lie in the contentions of either of the parties. Therefore, we exercise our authority to decide this appeal on grounds other than those presented by the briefs herein. *Hux v. Raben* (1967), 38 Ill. 2d 223, 224, 230 N.E.2d 831; *Mitchell v. Mitchell* (1977), 54 Ill. App. 3d 18, 20, 369 N.E.2d 276, *appeal denied* (1978), 67 Ill. 2d 592; *In re Application of County Treasurer* (1975), 25 Ill. App. 3d 717, 718-19, 323 N.E.2d 803.

■■ We have previously held that section 41 of the Civil Practice Act is penal in nature and should therefore "be invoked only in those cases falling strictly within its terms." (*Murczek v. Powers Label Co.* (1975), 31 Ill. App. 3d 939, 943, 335 N.E.2d 172; *Voss v. Lakefront Realty Corp.* (1977), 48 Ill. App. 3d 56, 72, 365 N.E.2d 347, *appeal denied* (1977), 66 Ill. 2d 637; *Morton v. Environmental Land Systems, Ltd.* (1977), 55 Ill. App. 3d 369, 374, 370 N.E.2d 1106.) This section is not meant " 'to prevent harassment by bringing actions which are vexatious or without legal foundation, or the pleading of frivolous matter.' " *Sarelas v. Alexander* (1971), 132 Ill. App. 2d 380, 387, 270 N.E.2d 558, quoting *Hearst Corp. v. Associated Trade Press, Inc.* (1968), 98 Ill. App. 2d 360, 362, 240 N.E.2d 386, *appeal denied* (1968), 39 Ill. 2d 627.

■■ Under the pre-amendment version of section 41, "[t]he burden is on the petitioner to prove that the allegations against him: (1) were made without reasonable cause; (2) are not in good faith; and (3) are untrue." (*Murczek*, 31 Ill. App. 3d 939, 943.) The amendment by the legislature (Pub. Act 79-1434, §8, eff. Sept. 19, 1976) removed the former requirement that the statements also have been made "not in good faith." Therefore, under the amended version of the statute, the only requirements are that the statements be made without reasonable cause and found to be untrue. *Grover v. Commonwealth Plaza Condominium Association* (1979), 76 Ill. App. 3d 500, 394 N.E.2d 1273.

■ Under either version of the statute, however, it is clear that the awarding of expenses and attorney's fees "rests entirely within the discretion of the trial court ° ° °." (*Voss*, 48 Ill. App. 3d 56, 72; see also *Village of Evergreen Park v. Spangler* (1976), 40 Ill. App. 3d 947, 949, 353 N.E.2d 257.) In our opinion, in the instant case, the trial court acted within his sound discretion when he summarily dismissed defendant's amended section 41 petition.

This action did not progress past the pleadings stage before it was voluntarily dismissed on the motion of the plaintiff. It is our opinion that the trial judge could not have granted defendant the relief he sought under section 41 on the pleadings alone. As above shown, these pleadings raise serious questions of fact regarding the factual basis and reasonableness of plaintiff's allegations which defendant charged were untrue. The only alternative to the dismissal of defendant's petition would have been to hold a full dress trial on the unresolved questions. This would have transformed the proceedings into a trial on the merits of this case; quite an anomalous situation in an action already properly dismissed against all the defendants.

This court has stated that the necessity for a hearing varies with the circumstances surrounding the section 41 petition. (*Grover* (1979), 76 Ill.

App. 3d 500, 394 N.E.2d 1273.) The circumstances surrounding this section 41 petition make it clear that a hearing to determine whether plaintiff's allegations were untrue and made without reasonable cause would defeat the purpose of section 41. "The legislature intended a *summary* proceeding for the determination of section 41 liability, not the retrial of a cause." *Village of Evergreen Park*, 40 Ill. App. 3d 947, 949.

Thus, the trial court properly chose to dismiss defendant's amended petition for attorney's fees and expenses pursuant to section 41 of the Civil Practice Act. Accordingly, the judgment order is affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.