JAMES DEMOS, Adm'r of the Estates of Judy Glines *et al.*, Deceased, Plaintiff-Appellee, *v.* JILL ERICSON, Adm'r of the Estate of Raymond Jean Glines, Deceased, *et al.*, Defendants.—(BEECH AIRCRAFT CORPORATION, Defendant-Appellant.)

First District (1st Division)    No. 80-2575

Opinion filed February 8, 1982.

John W. Adler and Franklin A. Nachman, both of Conklin and Adler, Ltd., of Chicago, for appellant.

Albert F. Hofeld, Ltd., of Chicago (William J. Harte, of counsel), for appellee.

JUSTICE McGLOON delivered the opinion of the court:

Beech Aircraft Corporation appeals from the denial of its motion for expenses and fees pursuant to section 41 of the Civil Practice Act (Ill. Rev.

Stat. 1979, ch. 110, par. 41). On appeal Beech Aircraft contends the allegations against nonexistent corporations were unreasonable and untrue.

We affirm.

Judy, Michael and James Glines died in an aircraft crash in the State of Oregon on February 7, 1978. The administrator of their estates filed an action against, *inter alia*, Beech Aircraft Corporation, Beech Aerospace Services, Incorporated, Beechcraft Research and Development, Incorporated, and Beechcraft Hawker Corporation. The administrator sought recovery against defendants under the following theories: negligence, strict liability in tort, wilful and wanton conduct, and breach of warranty.

On July 20, 1979, Beechcraft Hawker Corporation filed a motion to quash service of summons. Attached to the memorandum in support of the motion was the affidavit of C.W. Dieker, secretary-treasurer of Beech Aircraft Corporation. The affiant stated that Beechcraft Hawker was no longer in existence and had become known as Beechcraft Research and Development, Incorporated. Beechcraft Research and Development, Incorporated, also ceased to exist and became known as Beech Aerospace Services, Incorporated.

On July 20, 1979, Beech Aerospace Services, Incorporated, filed a motion to quash service of summons on the grounds that it neither conducted business nor committed a tortious act in the State of Illinois. This same day, Beech Aircraft Corporation filed an answer wherein it admitted the manufacture and sale of the aircraft. Subsequently, the trial court quashed service of summons on Beechcraft Research and Development, and Beech Aerospace Services.

Thereafter Beech Aircraft filed a motion for costs, expenses, and attorney fees. It alleged that plaintiff knew or should have known that Beechcraft Hawker and Beechcraft Research and Development were names by which Beech Aerospace was formerly known. It further alleged that because the corporations were nonexistent, the actions against them were meritless and unreasonable and it was therefore entitled to fees and expenses incurred in defending the action against Beechcraft Hawker and Beechcraft Research and Development. After a hearing, the trial court denied Beech Aircraft's motion.

Beech Aircraft maintains the allegations against Beechcraft Hawker and Beechcraft Research and Development were untrue and made without reasonable cause because the two corporations were nonexistent at the time the action was filed. Beech Aircraft therefore contends the trial court erred in denying its section 41 motion.

■■ Section 41 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 41) is penal in nature and therefore should be invoked only in cases which fall strictly within its terms. (*Johnson v. La Grange State Bank* (1978), 73

Ill. 2d 342, 383 N.E.2d 185; *Himco Systems, Inc. v. Marquette Electronics, Inc.* (1980), 86 Ill. App. 3d 476, 407 N.E.2d 1013; *Medical Modalities Associates, Inc. v. Quick* (1978), 65 Ill. App. 3d 300, 382 N.E.2d 620.) The burden of proof is on the party seeking relief to show the allegations are untrue and made without reasonable cause. *Himco; Williams v. City of Chicago* (1977), 54 Ill. App. 3d 974, 370 N.E.2d 119.

In a memorandum filed in the court below, plaintiff had argued that Beechcraft Hawker and Beechcraft Research and Development were not relieved of liability merely because of the amendment of the corporate charter. Based on the fact that the aircraft had been manufactured and sold 30 years before the crash, plaintiff believed that the nonexistent corporations were properly named as defendants.

■■■ We do not believe the allegations against the nonexistent corporations fall within the proscriptions of section 41. It is assumed that attorneys in filing pleadings have due regard for their duties and responsibilities as officers of the court and they are permitted to exercise broad discretion based upon honest judgment from facts presented to them. (*Williams v. City of Chicago* (1977), 54 Ill. App. 3d 974, 370 N.E.2d 119.) It is apparent that in naming as defendants Beechcraft Hawker and Beechcraft Research and Development, plaintiff's counsel was exercising his professional judgment and, in view of his arguments in the court below, the allegations of the complaint were not unreasonable.

The award of expenses and fees is within the discretion of the trial court. (*Ascaridis v. Russis* (1979), 78 Ill. App. 3d 376, 397 N.E.2d 14; *Brandenberry Park East Apartments v. Zale* (1978), 63 Ill. App. 3d 253, 379 N.E.2d 674.) We find no abuse of discretion.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG and O'CONNOR, JJ., concur.