STATE OF MAINE DEPARTMENT OF HUMAN SERVICES *ex rel.* DOLORES L. SMAIL, Petitioner-Appellant, *v.* DONALD L. SMAIL, Respondent-Appellee.

Fourth District    No. 17080

Opinion filed October 15, 1981.

Tyrone C. Fahner, Attorney General, of Chicago (Patricia Rosen, Assistant Attorney General, of counsel), for appellant.

Robert I. Auler, of Auler Law Offices, of Urbana, for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

This case concerns an unusual application of section 41 of the Civil Practice Act, which states:

> "Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal." Ill. Rev. Stat. 1979, ch. 110, par. 41.

Plaintiff, State of Maine Department of Human Services, appeals an order of the circuit court of Champaign County entered August 4, 1980, ordering it to pay defendant Donald Smail $750 attorney's fees and $295.36 expenses under the terms of section 41. The award arose out of a proceeding brought under the Revised Uniform Reciprocal Enforcement of Support Act (Ill. Rev. Stat. 1979, ch. 40, par. 1201 *et seq.*).

The proceeding commenced on January 18, 1980, when plaintiff filed a petition in the Superior Court of the State of Maine against defendant seeking support for Dolores Smail and her minor children, Dorothy Smail, Dorinda Smail, and Dean Smail who were alleged to be dependents of defendant. The petition was supported by exhibits indicating defendant was under order of a division of that court in a divorce proceeding to make support payments at the rate of $60 per week and was in arrears in the sum of $13,440 from October 4, 1975, through January 12, 1980. On the same date a justice of that court issued a certificate pursuant to the provisions of the Uniform Reciprocal Enforcement of Support Law of the State of Maine (Me. Rev. Stat. Ann. tit. 19, §331 *et seq.* (1981)) that: (1) defendant should be held to answer, and (2) the proceedings should be certified to the circuit court of Champaign County within which jurisdiction defendant was alleged to reside.

The certified documents were filed in the circuit court of Champaign County on February 13, 1980, and on February 21, 1980, defendant was personally served by summons issued from that court. The summons set forth a hearing date of March 3, 1980. Upon that date, defendant appeared accompanied by counsel and acknowledged he had a duty to support. However, the record does not indicate he agreed he was in arrears on support payments. The court ordered defendant to make payments at the rate of $60 per week through the clerk of the court. The case was then continued until March 24, 1980, with defendant released upon his bond in the sum of $1000 without surety. On March 24, 1980, defendant filed a motion to dismiss the complaint. The motion contained a charge that the allegations of the petition had been made without reasonable cause and a demand under section 41 for reasonable expenses and attorney's fees. The request for expenses and attorney's fees was subsequently placed in a more expanded motion, and plaintiff filed a response to it. On August 4, 1980, after a hearing, the order now on appeal awarding attorney's fees and costs was entered. At that hearing the parties stipulated defendant was not in arrears on support payments previously ordered by the Maine court in the divorce proceeding.

In *Murczek v. Powers Label Co.* (1975), 31 Ill. App. 3d 939, 335 N.E.2d 172, the court noted that section 41 of the Civil Practice Act is a statute penal in nature and should be strictly construed. The court recognized that the burden is on the petitioner to prove that the allegations against him were made (1) without reasonable cause, (2) were not in good faith, and (3) were untrue (the statute was amended in 1976 to remove the good faith requirement). In *Kolkovich v. Tosolin* (1974), 19 Ill. App. 3d 524, 529-30, 311 N.E.2d 782, 787, this court stated the purpose of section 41 is to "penalize a litigant who brings up false or frivolous matter, thereby causing his opponent to spend money for an attorney." In *City of Springfield v. Beck* (1976), 34 Ill. App. 3d 784, 340 N.E.2d 350, the city had filed a complaint for condemnation and made allegations with reference to the legal ownership of certain property without having conducted a title search. The allegations were found to be erroneous causing other parties added expense because of delays. An award of attorney's fees to a party so damaged was upheld on appeal upon the basis that the city could have discovered the error by a mere examination of the record of title.

The situation here is quite similar to that in *City of Springfield v. Beck*. The record showed the plaintiff's agent to have executed the complaint upon the basis of an affidavit furnished him by Dolores Smail. Defendant was thus subjected to the necessity of incurring attorney's fees and other legal costs without attempt by plaintiff's agents to contact defendant to discover if he had ready proof to contradict Dolores Smail's

claims. The record indicated that defendant had cancelled checks showing his compliance with the Maine divorce decree. The attorney for plaintiff stipulated to defendant's compliance because of those checks.

The trial court could have concluded properly that plaintiff's agents lacked reasonable cause to make the allegations of the complaint and proceed with the case without first attempting to contact defendant. Such a contact could have been made by plaintiff's agents in Maine or even after the case was transferred to this State, by employees of the State of Illinois acting as agents of the State of Maine. Such a theory would not have required those agents to make any investigation beyond asking defendant if he had any ready defense. Had that been done here, defendant might well have been spared the expenses for which he was granted reimbursement.

The trial court's determination was not contrary to the manifest weight of the evidence nor was it a breach of discretion.

We affirm.

Affirmed.

MILLS and LONDRIGAN, JJ., concur.