AL LIASKIS, Plaintiff-Appellant, *v.* JEANETTE FEILING, Defendant-Appellee.

First District (2nd Division)    No. 80-2625

Opinion filed December 15, 1981.

Murges and Bowman, Ltd., of Chicago, for appellant.

William P. Wilen and Helen Cropper, both of Legal Assistance Foundation, of Chicago, for appellee.

JUSTICE STAMOS delivered the opinion of the court:

Al Liaskis initiated a forcible entry and detainer action to recover possession of premises occupied by Jeanette Feiling. In response, Feiling filed four counterclaims and an affirmative defense alleging retaliatory eviction. Prior to trial, Feiling voluntarily dismissed her counterclaims and the parties agreed to judgment for possession in favor of plaintiff. The trial court subsequently denied plaintiff's section 41 petition for costs and attorney fees. Plaintiff appeals.

Defendant was a tenant in an apartment building owned by plaintiff. On December 3, 1979, plaintiff filed a forcible entry and detainer action

to recover possession of the premises. Defendant contacted the offices of the Legal Assistance Foundation of Chicago, which in turn requested Northeastern Illinois University's Tenant Rights Center to inspect defendant's apartment. Representatives of the Center visited the apartment on December 11, 1979, and confirmed defendant's reports of alleged building code violations in the building. Defendant prepared an answer to the complaint, including the affirmative defense of retaliatory eviction and four counterclaims for damages totalling more than $9,000. The counterclaims were generally based on the alleged building code violations and the uninhabitable condition of the apartment. Although this pleading was verified by defendant on December 17, it was not filed on that date because the original complaint was dismissed for want of prosecution.

On December 28, 1979, plaintiff's motion to vacate the dismissal was granted and defendant filed her pleading. Plaintiff was granted leave to file responsive pleadings on or before January 17, 1980. A hearing on plaintiff's motions pursuant to sections 41, 45, 48(i) and 57 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 1 *et seq.*) was set for January 22, and trial was set for January 24, 1980. At the January 22 hearing, defendant was given a 2-day extension, to January 24, to respond to plaintiff's motions. On January 24, plaintiff accepted defendant's offer to vacate the premises. Plaintiff did, however, specifically request a hearing on his section 41 petition for attorney fees and costs based on his assertion that defendant's allegations were untrue and made without reasonable cause. The matter was continued and leave was granted defendant to withdraw her counterclaims. On February 6, 1980, a writ of restitution was filed with the sheriff of Cook County because defendant failed to comply with the January 24 agreed order.

Defendant presented her memorandum in opposition to plaintiff's motion for attorney fees and costs to the trial court on March 4, 1980. Plaintiff's memorandum in support of his motion was filed on April 14, 1980. A complete hearing was held on September 29, 1980, at which time the trial court denied plaintiff's motion. It appears from the record that the denial was based on the trial court's belief that voluntary dismissal of the forcible entry and detainer action mandated a denial.

Plaintiff contends that the trial court erred in denying, as a matter of law, plaintiff's petition for fees pursuant to section 41 of the Illinois Civil Practice Act. Plaintiff argues that the trial judge denied the motion solely because there was a voluntary dismissal of the original forcible entry and detainer action and he asserts this was improper. Section 41 states:

> "Untrue statements. Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually

incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal." Ill. Rev. Stat. 1979, ch. 110, par. 41.

The awarding of expenses and attorney fees rests entirely within the discretion of the trial court. (*Voss v. Lakefront Realty Corp.* (1977), 48 Ill. App. 3d 56, 72, 365 N.E.2d 347.) In *Ascaridis v. Russis* (1979), 78 Ill. App. 3d 376, 397 N.E.2d 14, the original action progressed only to the pleading stage before it was voluntarily dismissed. The appellate court in that case concluded that because the pleadings presented unresolved questions of fact, a trial on the merits would be required to determine if the defendant's claims were untrue and made without reasonable cause. The court pointed out that it would have been anomalous to conduct proceedings on the merits in an action already dismissed. 78 Ill. App. 3d 376, 378.

The case at bar presents the same situation as in *Ascaridis*. Defendant here voluntarily dismissed her counterclaims, and there remained unresolved questions of fact (*i.e.*, whether defendant's allegations were in fact untrue and whether they were made without reasonable cause), resolution of which was necessary for the granting of plaintiff's section 41 petition. As in *Ascaridis*, it would be anomalous for the trial court to hold a hearing on the merits of a case which has already been dismissed.

This is not to say that a section 41 petition can never be granted where there has been a voluntary dismissal of the underlying action. As this court held in *Grover v. Commonwealth Plaza Condominium Association* (1979), 76 Ill. App. 3d 500, 394 N.E.2d 1273, there may be instances where the pleadings and other evidence already in the record contain sufficient facts for the court to determine if the requirements of section 41 have been met. (76 Ill. App. 3d 500, 512.) In such a case, a proceeding on the merits would be unnecessary and the trial court in its discretion can grant the petition even though the original action has been dismissed by the party charged with making the untrue allegations. It is also permissible for a trial court to make an award of fees under section 41 on its own motion. *Brokaw Hospital v. Circuit Court* (1972), 52 Ill. 2d 182, 185, 287 N.E.2d 472.

Plaintiff makes much of the fact that the trial court appears to have denied his section 41 petition solely because defendant's allegations were voluntarily dismissed. The question before this court, however, is the correctness of the result reached by the trial court and not the correctness of the trial court's reasoning. (*People v. York* (1963), 29 Ill. 2d 68, 71, 193 N.E.2d 773.) Since we find that the trial court did not abuse its discretion in denying plaintiff's section 41 petition, the trial court's denial of plaintiff's section 41 petition is affirmed.

The decision of the trial court is affirmed.

Affirmed.

HARTMAN, P. J., and PERLIN, J., concur.