THE PEOPLE *ex rel.* PAMELA RELIFORD, Plaintiff-Appellee, *v.* HARRY ROBERTS, Defendant-Appellant.

First District (1st Division)   No. 82—0405

Opinion filed January 31, 1983.

Greenberg & Teykl, of Park Forest (Daniel M. Greenberg and James S. Teykl, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Richard C. Anderson, Assistant State's Attorney, of counsel), for appellee.

JUSTICE GOLDBERG delivered the opinion of the court:

Harry Roberts (defendant) was named in a paternity suit brought by the People of the State of Illinois *ex rel.* Pamela Reliford (complainant). After the case was dismissed with prejudice, without a trial,

defendant moved for attorney fees and expenses to be assessed against the State of Illinois. (Ill. Rev. Stat. 1981, ch. 110, par. 2—611.) The trial court denied defendant's motion. Defendant appeals.

Complainant gave birth to a child on December 21, 1978. She was a recipient of public aid. During a visit to the public aid office, complainant declared defendant to be the father. In addition, complainant testified and answered interrogatories to the effect that she had sexual intercourse with defendant exclusively throughout the period of possible conception.

Defendant vehemently denied ever having sexual intercourse with complainant. On August 7, 1981, defendant moved for and obtained a "level one" blood test. The results were inconclusive but showed a 70.93% chance that defendant was the father of the child. On September 14, 1981, the State moved for a level two blood test. Defendant opposed this motion. The parties then agreed upon a more sophisticated "level three blood test." This test produced a 100% conclusive result of nonpaternity. On November 2, 1981, the suit was dismissed with prejudice. (Ill. Rev. Stat. 1981, ch. 40, par. 1404(a).) An assistant State's Attorney approved this order.

The People first raise the contention that the Illinois Court of Claims is the proper and only forum for a claim against the State. The pertinent statute creating the Illinois Court of Claims gives that court "exclusive jurisdiction to hear and determine *** [a]ll claims against the state founded upon any law of the State of Illinois ***." Ill. Rev. Stat. 1981, ch. 37, par. 439.8(a).

Section 4 of article XIII of the Illinois Constitution of 1970 abolished the ancient doctrine of sovereign immunity in the State of Illinois. This enactment states: "[e]xcept as the General Assembly may provide by law, sovereign immunity in this State is abolished." (Ill. Const. 1970, art. XIII, sec. 4.) A complete history of the law with reference to the doctrine of sovereign immunity and its present status in the State of Illinois is set forth in *S. J. Grovers & Sons Co. v. Department of Transportation* (1982), 93 Ill. 2d 397.

However, under the Constitution of 1970 the General Assembly retained the power to abolish sovereign immunity to such extent and in such manner as it sees fit. As the court pointed out in *S. J. Grovers*, "it is the legislature's task to codify public policy; ***." (93 Ill. 2d 397, 405.) In the case before us the legislature has seen fit to codify its policy by providing in the very statute before us (Ill. Rev. Stat. 1981, ch. 110, par. 2—611):

> "The State of Illinois or any agency thereof shall be subject
> to the provisions of this Section in the same manner as any

other party."

■■ This language is clear. It "should be given its plain and ordinary meaning." (*City of East Peoria v. Group Five Development Co.* (1981), 87 Ill. 2d 42, 46, 429 N.E.2d 492.) Furthermore, the language quoted above from the Code of Civil Procedure is specific and therefore should supersede the general language expressed in section 8 of the Court of Claims Act (Ill. Rev. Stat. 1981, ch. 37, par. 439.8). *Sierra Club v. Kenney* (1981), 88 Ill. 2d 110, 126, 429 N.E.2d 1214.

Accordingly, we reject the State's contention, and we will proceed to decide this case as regards the State of Illinois in the same manner as we would the liability of any other party.

Defendant bases his claim for fees and expenses on section 2—611 of the Code of Civil Procedure, which provides (Ill. Rev. Stat. 1981, ch. 110, par. 2—611, formerly Ill. Rev. Stat. 1979, ch. 110, par. 41):

"Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal."

■■ The statute "is penal in nature and therefore should be invoked only in cases which fall strictly within its terms." (*Demos v. Ericson* (1982), 104 Ill. App. 3d 403, 404, 432 N.E.2d 1035.) "The awarding of expenses and attorney fees rests entirely within the discretion of the trial court." (*Liaskis v. Feiling* (1981), 102 Ill. App. 3d 626, 628, 430 N.E.2d 196.) Therefore, the decision of the trial court to allow or deny a petition under section 2—611 will be reversed by this court only upon a showing that the trial court "abused its discretion." (*Pole Realty Co. v. Sorrells* (1981), 84 Ill. 2d 178, 185, 417 N.E.2d 1297.) "The burden of proof is on the party seeking relief to show the allegations are untrue and made without reasonable cause." *Demos v. Ericson* (1982), 104 Ill. App. 3d 403, 405.

As stated by this court in the recent opinion of *Model Industries, Inc. v. Walsh Press & Die Co.* (1982), 111 Ill. App. 3d 572, section 2—611 of the Code of Civil Procedure was amended effective September 19, 1976, by deletion of the essential that the untrue material must have been made "not in good faith." (Compare Ill. Rev. Stat. 1981, ch. 110, par. 2—611, and Ill. Rev. Stat. 1979, ch. 110, par. 41.) Consequently, as regards the issues before us, the requirements for recovery by defendant remain that the statements in question were made without reasonable cause and were untrue.

Of primary significance we find that while it is virtually certain

the complaint was false, and that complainant made knowingly false declarations, there is absolutely no indication that any employee of Illinois made any false statements without reasonable cause, or had any reason to believe the statements made by complainant were false. Defendant's motion for expenses and attorney fees levels an accusing finger at the complainant but does not allege the People knew the allegations were untrue or that the People made them without reasonable cause.

In *State of Maine Department of Human Services ex rel. Smail v. Smail* (1981), 100 Ill. App. 3d 997, 427 N.E.2d 636, the court affirmed the decision of the trial court assessing damages against the State of Maine, which had brought suit on behalf of a woman who alleged her ex-husband was in arrears in support payments. We find *State of Maine* distinguishable from the case at bar.

The reviewing court there found simply that assessment of damages in that case was not an abuse of discretion. (100 Ill. App. 3d 997, 1000.) The truth of the complainant's allegation there was easily ascertainable. There was no attempt by the State to contact defendant, who may have been able to refute the allegation of arrearage simply by producing cancelled checks. In our opinion, the actions of the State of Maine in filing suit without conducting such a simple preliminary investigation may well have constituted a reckless disregard for the truth of its complaint.

In contrast, in the case at bar, there was no simple opportunity readily available for the State to determine the truth of a claim of paternity. The State certainly could not compel defendant to submit to a blood test without invoking the authority of a court, and the State could invoke this authority only by filing suit. Dismissal of the suit followed promptly after receipt of the definitive blood test.

However, able counsel for defendant argues at length that the State is the real and actual party in interest here. This argument is based primarily upon the fact that the complainant in this case received public welfare funds for the support of the child. Defendant urges that where a woman is an applicant or a recipient of public assistance, she may request the Department of Public Aid to file a complaint in her behalf. Also, the Department may file a complaint in behalf of the child and join the mother as a party defendant. (Ill. Rev. Stat. 1981, ch. 40, par. 1354.) Defendant also urges that the Illinois Public Aid Code provides for institution of court actions against the father of the child for the recovery of financial aid provided for the mother. (Ill. Rev. Stat. 1981, ch. 23, par. 12—16.) Defendant therefore contends the State is the real party in interest in these proceedings.

Defendant cites *State of Maine* in this behalf. However, it has been held a paternity suit, like other types of special actions, is unique in that the State is merely a nominal party while the complainant is the real party in interest. In *People ex rel. Cullison v. Dile* (1931), 347 Ill. 23, 27-28, 179 N.E. 93, the court stated:

> "A [paternity suit] can only be instituted by the mother, and she has a right to compromise and dismiss the same. [Citation.] In *McCoy v. People* [(1873), 71 Ill. 111], it was held to be the well-settled law as declared by this court that this is a civil proceeding and that the prosecutrix is the real party in interest, using the name of the People as plaintiff as a mere matter of form."

See also *People ex rel. Rozak v. Herman* (1978), 65 Ill. App. 3d 55, 59, 382 N.E.2d 417.

Furthermore, even assuming the State is the actual party in interest here, that fact would not in itself create a liability upon the State to pay fees and costs. As shown by the authorities above cited and by the pertinent section of the Code itself, the issue here is whether the suit was filed by the State without reasonable cause. In our opinion, the entire record demonstrates graphically that the State of Illinois and the Department of Public Aid acted properly in bringing the suit and then in consenting to dismissal with prejudice when the blood test showed that defendant was not the father of the child.

■■ We hold the defendant has not established that the State of Illinois acted without reasonable cause in filing its suit. Therefore, the trial court was well within the bounds of its discretion in denying defendant's motion for fees and expenses.

For these reasons the judgment appealed from is affirmed.

BUCKLEY, P.J., and McGLOON, J., concur.