THE PEOPLE *ex rel.* DONELSON, Petitioner-Appellee, v. MICHAEL COWLING, Respondent-Appellant.

First District (5th Division)   No. 83—2840

Opinion filed November 21, 1984.

Gorman & Fenili, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Richard C. Anderson, Assistant State's Attorney, of counsel), for appellant.

JUSTICE LORENZ delivered the opinion of the court:

Respondent appeals from an order denying his request that attorney's fees be assessed against the State's Attorney's Office pursuant to section 2—611 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—611), for statements made within a petition for

rule to show cause and a motion to vacate which respondent alleged were untrue and made without reasonable cause.

We affirm and pertinent to our decision are the following.

Upon respondent's stipulation that he was the father of petitioner Letitia Donelson's children, Kyle and Jillian, he was ordered on October 5, 1982, to pay her the sum of $100 per month as child support. She requested a rehearing on November 4, 1982, alleging that respondent's financial affidavits concerning his ability to pay for support contained statements of questionable veracity. On April 5, 1983, after a rehearing, the court entered its modified order directing that respondent pay $125 monthly, retroactive to September 1, 1982. On April 13, 1983, respondent paid the clerk of the circuit court $1,000 as payment in full for September through April and made a further payment on May 24, 1983, of $125 as ordered. Letitia cashed the clerk's $1,000 check on May 25, 1983.

On June 1, 1983, the State's Attorney filed a petition requesting that the court issue to respondent a rule to show cause why he should not be held in contempt for his failure to make payments as ordered. The petition was dated May 26, 1983, and was signed by an assistant State's Attorney who swore that he had read the petition, and knew "the contents to be true in substance and in fact based on information and belief." In addition, the State's Attorney filed a petition signed by Letitia seeking to vacate the April 5, 1983, order urging the same reasons previously advanced, *i.e.*, respondent's misstatements as to his transportation and car expenses, and requesting new hearings on child support.

The rule was entered although neither respondent nor his counsel was given notice and neither was present in court.

At a hearing on June 27, 1983, the State's Attorney withdrew the request for the rule to show cause and acknowledged that Letitia had received the payments due, but requested instead a hearing on petitioner's motion to vacate the April 5, 1983, order. Pursuant to this request, the trial court considered petitioner's motion, but denied it on the grounds that the same allegations contained therein had been settled by the court's order of April 5, 1983.

Thereupon, respondent, alleging harassment at being required to defend allegations that he claimed were made without reasonable cause and found to be untrue, filed his petition for attorney fees pursuant to section 2—611 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—611). In his petition, he represented to the court that although he had already paid to the clerk of the circuit court the child support payments as ordered on April 5, 1983, he

was never notified of the State's Attorney's petition for a rule to show cause and, further, he was being harassed by the petitioner's motion to vacate the April 5, 1983, order, which he claimed contained the same representations of his alleged misstatements as had been previously ruled upon in the court's order of April 5, 1983.

The State's Attorney filed his answer to the petition for fees in which it denied respondent's allegations. After hearings begun on September 23, 1983, and completed on October 13, 1983, the court denied respondent's request for fees, and this appeal follows.

OPINION

Respondent contends the trial court abused its discretion in denying his petition for expenses and attorney fees incurred in defending against the State's petition for a rule to show cause, as well as petitioner's motion to vacate. The petition was brought pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—611, formerly Ill. Rev. Stat. 1981, ch. 110, par. 41), which in part provides:

"Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal.

The State of Illinois or any agency thereof shall be subject to the provisions of this Section in the same manner as any other party."

The purpose of section 2—611 is to prevent abuse of the judicial process by penalizing the litigant who brings vexatious or harassing actions based on false statements or brought without legal foundation. (*Farwell Construction Co. v. Ticktin* (1978), 59 Ill. App. 3d 954, 960, 376 N.E.2d 621.) Because the statute is penal in nature, it may be invoked only in cases falling strictly within its terms. (*Fewer v. Grant* (1982), 111 Ill. App. 3d 747, 750, 444 N.E.2d 628.) The movant bears the burden of proving that allegations or denials were untrue and that they were made without reasonable cause. (See *Johnson v. La Grange State Bank* (1978), 73 Ill. 2d 342, 366, 383 N.E.2d 185.) The application of this statute should be limited to cases where a party has abused his right of free access to the courts by pleading untrue statements of fact which the party knew or reasonably should have known were untrue. (*Third Establishment, Inc. v. 1931 North Park Apartments* (1981), 93 Ill. App. 3d 234, 243, 417

N.E.2d 167.) The lower court's decision regarding the assessment of attorney fees is entitled to great weight, and a court of review will not disturb that determination unless there is a clear showing that the court abused its discretion. *Williams v. City of Chicago* (1977), 54 Ill. App. 3d 974, 979, 370 N.E.2d 119.

Respondent initially seeks to impose attorney fees upon the State's Attorney's office because he received no notice of the petition for a rule to show cause filed on June 1, 1983. He also contends that he was never in arrears on child support owed, and further posits that the judgment of October 5, 1982, was stayed until the April 5, 1983, order was issued, and that he paid the $1,000 owed as a result of the latter order on April 13, 1983, just one week after the order was issued. Respondent concludes that the State's Attorney's office has the records of the clerk of the circuit court at its disposal, and that there is no reason why the State's Attorney's office should not make at least a cursory inquiry when substituting in a case, so as to determine whether a respondent is in arrears. Therefore, he concludes the State knew or reasonably should have known that its allegations, made in connection with the petition for a rule to show cause, were untrue and easily verifiable.

Additionally, respondent contends that the State showed bad faith in its "harassment" of respondent by going forward with petitioner's motion to vacate the April 5, 1983, order. He posits that the State's Attorney's office should have known that the grounds presented by the State's Attorney in conjunction with the motion to vacate had already been presented to the court on November 4, 1982, and acted upon accordingly on April 5, 1983.

The State conversely contends that it was not "the party pleading" the allegations contained in either the petition for rule to show cause or the motion to vacate the April 5, 1983, order, but was merely acting on behalf of petitioner. Moreover, as soon as the State was made aware that the payment in question had been made, it voluntarily withdrew its rule to show cause. The State further argues that, at its very worst, any characterization to be placed upon the actions of the State's Attorney must be placed in the category of an "honest mistake" which is not within the purview of section 2—611, as there was evidence presented that the clerk's check to petitioner was initially improperly addressed, thereby causing a delay in petitioner's receipt of same.

Respondent relies solely upon the decision in *State of Maine Department of Human Services ex rel. Smail v. Smail* (1981), 100 Ill. App. 3d 997, 427 N.E.2d 636, for authority to impose the sanctions of

section 2—611 against the State. In *State of Maine,* the appellate court affirmed the decision of the trial court to assess damages against the State of Maine, which had brought suit on behalf of a woman who alleged that her husband was in arrears in support. The *State of Maine* court found that the lower court could have properly concluded that the Department of Human Services agents lacked reasonable cause to make the allegations of the complaint and proceed with the case without first attempting to contact the defendant, and found that the assessment of damages in that case was not an abuse of discretion. (100 Ill. App. 3d 997, 1000.) However, we do not believe that the *State of Maine* court addressed an important issue which is involved in cases of this nature: whether the State is the real "party" in interest in an *ex rel.* action.

▆▆ ▆ This issue has been addressed in *People ex rel. Reliford v. Roberts* (1983), 112 Ill. App. 3d 351, 445 N.E.2d 482, where the appellate court determined that in a paternity suit and other types of special actions, the State is merely a nominal party while the complainant (petitioner) is the real party in interest. In the instant case, we believe that the petitioner, and not the State, is the real "party" in interest, and that the State was merely acting on petitioner's behalf in filing her motion; to determine otherwise would violate the principle of strict construction that we must apply in dealing with section 2—611. (See *People ex rel. Reliford v. Roberts* (1983), 112 Ill. App. 3d 351, 355, 445 N.E.2d 482.) This court has held that section 2—611 refers to attorney fees which are "incurred by the other party," and acts to effectively distinguish between a party and his attorney. *Evans v. Stoval* (1980), 83 Ill. App. 3d 257, 260, 403 N.E.2d 1321.

▆▆ ▆ We note that it is assumed that attorneys, in the filing of their pleadings, have due regard for their duties and responsibilities as officers of the court, and they are permitted to exercise broad discretion, based on honest judgment, from the facts presented to them. (*Horween v. Dubner* (1965), 68 Ill. App. 2d 309, 320, 216 N.E.2d 288.) Also supporting our view is the public policy that holds that the very purpose of a court of law is to determine whether an action filed by a party has merit (see *Lyddon v. Shaw* (1978), 56 Ill. App. 3d 815, 822, 372 N.E.2d 685), and to impose these types of restraints upon attorneys would lead to a limiting of a litigant's free access to the courts. *Evans v. Stoval* (1980), 83 Ill. App. 3d 257, 260, 403 N.E.2d 1321.

Furthermore, even assuming the State is the actual "party" in interest here, that fact would not in itself impose liability upon the State under section 2—611. It still remains the burden of respondent to show that the allegations in the petition for a rule to show cause

were made without reasonable cause and found to be untrue. We believe that even if *State of Maine* stands as authority for the imposition of a duty of diligence upon the State's Attorney's office, the trial court would have been justified, in this case, as distinguished from *State of Maine*, in finding that the State's Attorney's office exercised sufficient diligence. Defendant argues that the State's lack of diligence indicates that they did not have reasonable cause to plead the allegations contained within the petition for a rule to show cause. However, the assistant State's Attorney made an offer of proof to the effect that the State's Attorney's office had attempted to check the clerk's computer records of support payments, but even as of the hearing date those records failed to indicate the payment. We believe that this offer of proof, which we consider to be relevant and nonhearsay, distinguishes this present case from *State of Maine*.

■■ ■ We find the trial court could properly have concluded that respondent did not meet his burden in showing that the State's petition for rule to show cause was untrue and made without reasonable cause. This motion was dated May 26, 1983, and given the volume of these types of motions that are filed by the State each month, it was possible that the motion was prepared days or weeks prior to petitioner's receipt of her check. Further, if petitioner represented untrue facts to the State's Attorney, it is possible that fees could be assessed against petitioner in the event that respondent's burden could be met. Respondent's attorney has already stated in open court that she will not charge respondent for the legal fees in question in the event that respondent is unsuccessful on appeal.

With regard to the "bad faith" alleged by respondent concerning petitioner's motion to vacate, we note that an amendment to section 41 (Pub. Act 79—1434, sec. 8, eff. Sept. 19, 1976) removed the "good faith" requirement from what is now section 2—611 of the Illinois Code of Civil Procedure.

We therefore find that the trial court's determination was not an abuse of its discretion.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

MEJDA, P.J., and SULLIVAN, J., concur.