JOSEPH F. WOLLSCHLAGER, Plaintiff-Appellant and Cross-Appellee, v. SUNDSTRAND CORPORATION, Defendant-Appellee and Cross-Appellant.

Second District   No. 85—354

Opinion filed May 9, 1986.

348

Joseph F. Wollschlager, of Rockford, for appellant, *pro se.*

Joanna C. New, D. Kendall Griffith, and Charles F. Helsten, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee.

JUSTICE STROUSE delivered the opinion of the court:

The plaintiff, Joseph F. Wollschlager, appeals from an order of the circuit court of Winnebago County which granted the motion to dismiss of the defendant, Sundstrand Corporation, pursuant to section 2—615 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1983, ch. 110, par. 2—615), and denied the plaintiff's motion for default judgment pursuant to section 2—1301(d) of the Code (Ill. Rev. Stat. 1983, ch. 110, par. 2—1301(d)). The defendant cross-appeals from the judgment which denied its motion for attorney fees and costs pursuant to section 2—611 of the Code (Ill. Rev. Stat. 1983, ch. 110, par. 2—611).

The plaintiff raises two assignments of error in this court: (1) that the trial court abused its discretion in denying the plaintiff's motion for default judgment; and (2) that the trial court improperly granted the defendant's motion to dismiss for failure to state a cause of action. The defendant raises only one assignment of error: that the trial court abused its discretion in denying defendant's motion for attorney fees and costs.

■ The plaintiff's first contention is that the trial court abused its discretion in denying the plaintiff's motion for default judgment. Specifically, the plaintiff's complaint was served on the defendant on January 17, 1985. The defendant filed its appearance on February 13, 1985. The defendant's motion to dismiss, dated and mailed on February 20, 1985, and received by the clerk's office prior to March 7, 1985, was filed on March 11, 1985. The plaintiff contends that a

minimum of 32 days elapsed between the date of service and the date of the responsive pleading and, therefore, a default judgment was mandated by Supreme Court Rule 181 (87 Ill. 2d R. 181).

Supreme Court Rule 181 governs only the manner in which a defendant should respond to a summons. It provides that when a summons requires appearance within 30 days after service, "[t]he defendant may make [an] appearance by filing a motion within the 30-day period." (87 Ill. 2d R. 181.) The entry of a default judgment as a sanction for failure to respond to a summons is governed by section 2—1301(d) of the Code (Ill. Rev. Stat. 1983, ch. 110, par. 2—1301(d)). It provides that a "[j]udgment by default may be entered for want of an appearance, or for failure to plead, but the court may in either case, require proof of the allegations of the pleadings upon which relief is sought." Ill. Rev. Stat. 1983, ch. 110, par. 2—1301(d).

It is well established that a sanction should be imposed only if noncompliance is unreasonable. (*Bluestein v. Upjohn Co.* (1981), 102 Ill. App. 3d 672, 679.) The frequent use of the word "may" in section 2—1301 indicates that the requirement of sanctions are discretionary. (Ill. Ann. Stat., ch. 110, par. 2—1301, Historical and Practice Notes, at 398 (Smith-Hurd 1983).) Since a default judgment is one of the most drastic sanctions, it should be used as a last resort. 102 Ill. App. 3d 672, 679; *Colonial Penn Insurance Co. v. Tachibana* (1977), 53 Ill. App. 3d 981, 983.

■ In the present case, we believe that the trial court did not abuse its discretion in refusing to enter a default judgment. The defendant filed an appearance prior to the expiration of the 30-day period which put the plaintiff and the court on notice that the defendant was involved in the case and was preparing a response. If the default were entered, it would have to be set aside, as provided by statute (Ill. Rev. Stat. 1983, ch. 110, par. 2—1301(e)).

Most importantly, the trial judge previously had heard the merits of the case and had granted the defendant's motion to dismiss. However, since his order dismissing the case had not been entered of record, a second judge could not rule on the plaintiff's motion for a writ of error. Therefore, at the time he entered the default judgment, the trial judge was entertaining the case on the plaintiff's motion for writ of error and knew the reasoning behind his prior judgment of dismissal. The effect of a default judgment entered against the defendant would have been that all well-pleaded allegations in the plaintiff's complaint would be deemed admitted. (See *In re Estate of Soderholm* (1984), 127 Ill. App. 3d 871, 882; *Walgreen Co. v.*

*American National Bank & Trust Co.* (1972), 4 Ill. App. 3d 549, 557.) Since the trial judge already had determined that the allegations in the complaint did not support the plaintiff's cause of action, he did not abuse his discretion in denying the plaintiff's motion for default judgment against the defendant.

■ The plaintiff's second contention is that the trial court improperly granted the defendant's motion to dismiss for failure to state a cause of action. Specifically, he claims that his complaint states a cause of action for injunctive relief because, since he is exempt from taxation, the defendant is improperly withholding Federal and State income taxes and social security contributions from his paycheck.

A complaint must state a cause of action in two ways. First, it must be legally sufficient, setting forth a legally recognized claim. (*People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 308.) Second, it must state facts which bring the claim within that recognized cause of action. If it does not, it must be dismissed. (88 Ill. 2d 300, 308.) Pleadings which are subject to a motion to dismiss are to be liberally construed with a view toward doing justice between the parties. *Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 17.

Both State and Federal statutes prohibit an employee from pursuing a cause of action against his or her employer to restrain the collection of taxes from wages. In Illinois, the Income Tax Act (Ill. Rev. Stat. 1983, ch. 120, par. 7—705) provides, in relevant part, that "[n]o employee shall have any right of action against his [or her] employer in respect of any money deducted and withheld from his [or her] wages and paid over to the Department in compliance or in intended compliance with this Act." Similarly, the Anti-Injunction Act (26 U.S.C.A. sec. 7421(a) (West Supp. 1985)) provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." Federal courts consistently have rejected claims similar to the plaintiff's claim under section 7421(a). See, *e.g., Robinson v. A & M Electric, Inc.* (10th Cir. 1983), 713 F.2d 608, 609; *McFarland v. Bechtel Petroleum, Inc.* (N.D. Cal. 1984), 586 F. Supp. 907, 910; *Shaffer v. Commissioner of Internal Revenue Service* (E.D. La. 1981), 515 F. Supp. 748, 751-52; see also *Edgar v. Inland Steel Co.* (7th Cir. 1984), 744 F.2d 1276, 1278.

■ In addition, the plaintiff has not substantiated his claim of tax-exempt status. (See *Granzow v. Commissioner of Internal Revenue* (7th Cir. 1984), 739 F.2d 265, 268.) As a result, he may not

avoid the directives of the State and Federal statutes and is precluded from seeking injunctive relief against his employer. Since the plaintiff does not set forth a legally recognized claim, we conclude that the trial court correctly determined that the plaintiff failed to state a cause of action against the defendant upon which relief could be granted.

■ The defendant contends that the trial court abused its discretion in denying the defendant's motion for attorney fees and costs. Section 2—611 of the Code provides, in pertinent part, that "[a]llegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses *** together with a reasonable attorney's fee." (Ill. Rev. Stat. 1983, ch. 110, par. 2—611.) The purpose of section 2—611 is to prevent a litigant from abusing the judicial process by penalizing the party who brings a vexatious or harassing action without legal foundation or an action that is based on false statements. (*In re Petition of Sullivan* (1985), 134 Ill. App. 3d 455, 466.) Since section 2—611 is penal in nature, it can be invoked only in cases falling strictly within its terms, and each of this section's explicit requirements must be proved. (*Sanelli v. Glenview State Bank* (1984), 126 Ill. App. 3d 411, 416; *Grover v. Commonwealth Plaza Condominium Association* (1979), 76 Ill. App. 3d 500, 512.) The party seeking relief has the burden of establishing both that the statements were untrue and that they were made without reasonable cause. (Ill. Rev. Stat. 1983, ch. 110, par. 2—611; *People ex rel. Donelson v. Cowling* (1984), 128 Ill. App. 3d 886, 889.) The application of this statute should be limited to cases where a party has abused his right of free access to the courts by pleading untrue statements of fact which the party knew or reasonably should have known were untrue. *In re Petition of Sullivan,* (1985), 134 Ill. App. 3d 455, 466.

In the present case, the defendant claims that the plaintiff's suit against it was frivolous and vexatious because his proposed cause of action is prohibited by State and Federal law and because the plaintiff's claim that he has no social security number is untrue. Initially, we note that the cases cited by the defendant (*Edgar v. Inland Steel Co.* (7th Cir. 1984), 744 F.2d 1276, and *Granzow v. Commissioner of Internal Revenue* (7th Cir. 1984), 739 F.2d 265) are distinguishable in that the courts were guided by Federal Rule of Appellate Procedure 38 (Fed. R. App. P. 38), which permits the awarding of single or double costs to the appellee if an appeal is deemed frivolous.

██ Here, the defendant has established that the plaintiff's theory underlying his complaint had no legal foundation, and that the plaintiff knew or reasonably should have known that there was no foundation. As a *pro se* plaintiff, however, he has demonstrated an unwaivering belief, albeit erroneous, that he is a "non-taxpayer" and does not have a "W-4 contract or Social Security contract." Even though the plaintiff did, at one time, provide a social security number to the defendant and voluntarily completed a W-4 form, there is also evidence that he believed that he had rescinded his number and that he subsequently prepared a new W-4 form claiming an exempt status. The plaintiff was also aware of the existence of the Anti-Injunction Act (26 U.S.C.A. sec. 7421(a) (West Supp. 1985)), which ultimately precluded his claim. However, he did argue against its applicability based on the lack of a tax assessment against him. Even though the cause of action is clearly without foundation, given the plaintiff's unfaultering conviction that his conduct, supported by affidavit and letter, was enough to change his taxpayer status and his attempted interpretation of the existing Federal statute, we do not find any element of bad faith on the plaintiff's part. Although lack of good faith no longer need be shown, the facts, circumstances, motive, intent or purpose of the pleader still may be material in determining whether the allegations were made with reasonable cause. (*In re Estate of Knutson* (1980), 83 Ill. App. 3d 907, 912.) The lower court's decision regarding the assessment of attorney fees is entitled to great weight and a court of review will not disturb that determination unless there is a clear showing that the court abused its discretion. (*People ex rel. Donelson v. Cowling* (1984), 128 Ill. App. 3d 886, 890.) We conclude, therefore, that the trial court did not abuse its discretion in denying the defendant's motion for attorney fees and costs in this case.

In accordance with the views expressed above, the judgment of the circuit court is affirmed.

Affirmed.

HOPF and UNVERZAGT, JJ., concur