THE PEOPLE *ex rel.* NANCY MORRIS, Plaintiff-Appellee, v. MARK ETCHASON, Defendant-Appellant.

Fourth District No. 4—86—0451

Opinion filed February 10, 1987.

Robert I. Auler, of Auler Law Offices, P.C., of Urbana, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

On July 2, 1984, a paternity complaint was filed against the defendant, Mark Etchason. On July 30, 1984, the defendant filed a request for production. On March 19, 1985, the defendant filed a motion to compel production, stay of proceedings, and reimbursement for expenses based upon the failure of the plaintiff to answer the request for production. On December 27, 1985, after a hearing on the defendant's motion for order to compel production, the court ordered the plaintiff to produce the documents and also found that the defendant was entitled to reasonable attorney fees for the motion to compel in the amount of $150 which were assessed against the plaintiff and in favor of the defendant. The plaintiff then on March 10, 1986, filed a motion to dismiss without prejudice, and on March 19, 1986, the defendant filed a motion to dismiss the complaint and a motion for summary judgment. The court heard the arguments on the motions on May 5, 1986. After memorandums of law were submitted by the parties, the court found that the State should not be assessed the amount awarded as sanctions in favor of the defendant by the docket entry of December 27, 1985, and by docket entry of May 22, 1986, clarified the order of December 27, 1985, in ordering the assessment against Nancy Morris; the court also at that time granted the State's motion for voluntary dismissal without prejudice. The defendant filed

a timely notice of appeal on June 20, 1986. The defendant argues in his brief that the sole issue is whether the State of Illinois should be required to pay the attorney fees expense of $150 as a condition of voluntary dismissal.

The defendant's argument that a determination that the State's Attorney not pay costs violates defendant's right to equal protection of the laws was not raised in the trial court and is waived.

The defendant argues that the motion for voluntary dismissal under section 2—1009 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009) allows voluntary dismissal only upon payment of costs. That section states in part that "[t]he plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, *and upon payment of costs*, dismiss his or her action or any part thereof as to any defendant, without prejudice." (Emphasis added.)

Section 5—116 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 5—116) provides that "[i]n all cases, where any action is voluntarily dismissed by the plaintiff *** the defendant shall recover judgment for his or her costs to be taxed and to be collected in the same manner as judgments for the payment of money are enforced."

Section 5—117 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 5—117) provides that in all actions commenced or to be commenced for or on behalf of the people of this State or in the name of any person for the use of the people of this State and subsequently voluntarily dismissed by the plaintiff, the defendant shall not recover any costs whatever.

Also, section 5—118 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 5—118) provides for costs on dismissal and states in part that "[u]pon the action being dismissed, or the defendant dismissing the same for want of prosecution, the defendant shall recover against the plaintiff full costs; and in all other civil cases, not otherwise directed by law, *it shall be in the discretion of the court to award costs or not*; and the payment of costs, when awarded, may be collected in the same manner as judgments for the payment of money are enforced." (Emphasis added.)

Supreme Court Rule 219(c), dealing with consequences of refusal to comply with rules or orders relating to discovery, states in part that the court may order the offending party or his attorney to pay reasonable expenses including attorney fees incurred by any party as a result of the misconduct. 103 Ill. 2d R. 219(c).

The awarding of expenses and attorney fees rests entirely within the discretion of the trial court. (*Liaskis v. Feiling* (1981), 102 Ill.

App. 3d 626, 430 N.E.2d 196.) The decision of the trial court to allow or deny fees or costs will be reversed only upon a clear showing that the trial court abused its discretion.

In the instant case, section 5—117 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 5—117) specifically provides that the State shall not be responsible for the costs on voluntary dismissal. Additionally, the trial court did not assess any costs against the State but assessed attorney fees against Nancy Morris. Certainly this cannot be said to be an abuse of discretion by the trial court.

The question is whether the trial court can order a voluntary dismissal without prejudice without the payment of the $150 attorney fees. Article V of the Code (Ill. Rev. Stat. 1985, ch. 110, pars. 5—101 through 5—125) permits the court to dismiss without payment of costs. A judgment was entered in this case against the plaintiff, Nancy Morris, in the amount of $150.

The case of *Juen v. Juen* (1973), 12 Ill. App. 3d 284, 297 N.E.2d 633, cited by respondent, is inapposite. In *Juen*, the court stated there was nothing in the record to show that the plaintiff had offered to pay the costs, but the basis for the court's decision was that evidence had been heard and for that reason the trial court should not dismiss the action. As an aside, the court indicated that the court costs had not been deposited.

The defendant argues *Maine Department of Human Services ex rel. Smail v. Smail* (1981), 100 Ill. App. 3d 997, 427 N.E.2d 636, is authority for this court to order the State's Attorney to pay the costs in this proceeding. The *Maine* case is inapposite. The only determination was the application of section 41 of the Civil Practice Act. As stated in *People ex rel. Donelson v. Cowling* (1984), 128 Ill. App. 3d 886, 471 N.E.2d 654, the *Maine* court did not address the issue whether the State is the real party in interest in an *ex rel.* action. Likewise, the State of Maine was the only party plaintiff. In the instant case, the People of the State of Illinois were plaintiffs in relation to Nancy Morris. In *Maine*, the court assessed the costs against the plaintiff. Here, the court assessed the attorney fees against the plaintiff, Nancy Morris, only.

■ As stated in *People ex rel. Reliford v. Roberts* (1983), 112 Ill. App. 3d 351, 355, 445 N.E.2d 482, 485, the State is merely a nominal party while the complainant is the real party in interest. The *Reliford* court cites *People ex rel. Cullison v. Dile* (1931), 347 Ill. 23, 27-28, 179 N.E. 93, 95, wherein the court stated in part that a paternity suit is "a civil proceeding and that the prosecutrix is the real party in interest, using the name of the People as plaintiff as a mere matter of

form." See also *People ex rel. Donelson v. Cowling* (1984), 128 Ill. App. 3d 886, 471 N.E.2d 654.

■■ The trial court has no power to tax attorney fees as costs except when the statute so provides, as in partition, estates, and trusts. (*Bortree v. Macon* (1905), 121 Ill. App. 111; *Dunaway v. Storm* (1975), 30 Ill. App. 3d 880, 334 N.E.2d 825; *Hamer v. Kirk* (1976), 64 Ill. 2d 434, 356 N.E.2d 524.) Judgments for attorney fees entered pursuant to Supreme Court Rules 201 and 219 are enforceable as judgments but are not costs. (87 Ill. 2d 201; 103 Ill. 2d 219.) Because attorney fees are not costs does not, however, limit the trial court in appropriate circumstances to provide for their payment.

The granting of the motion for voluntary dismissal without the payment of attorney fees was not an abuse of discretion. No error.

Affirmed.

SPITZ, P.J., and KNECHT, J., concur.